A. HIMMELMANN, RESPONDENT, *v.* JOHN DOE REAY AND RICHARD ROPER, APPELLANTS.

CLERICAL OR TYPOGRAPHICAL ERRORS. — When it is made to appear that an assignment of error is based upon a clerical or typographical mistake, it will not be regarded by the Court.

STREET LAW OF SAN FRANCISCO. — The statute does not prescribe any time, within which the affidavit of demand shall be recorded by the Superintendent of Streets.

COUNTER CLAIM. — H., a contractor to make certain street improvements, agreed with R., whose property was assessed for the improvement, and to whom H. was indebted, that H.'s debt might be credited by the amount of R.'s assessment.

Before any work was done by H., he assigned his contract for making the improvement to D., who did the work, and afterwards assigned his claim for the improvements to the plaintiff.   Neither D. or plaintiff had any notice of the agreement between H. & R.   In an action by plaintiff against R., for the amount of his assessment, it was held that the indebtedness from H. to R. furnished no ground for a counter claim

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

On the trial of this case, one Michael Hayes testified : "That he was the person who took out the contract sued upon and mentioned in the complaint.   After the contract was awarded to him, he met the defendant, Reay, who told witness that he (R.) had been to the office of the Street Commissioner to take out a 'property owners' contract' for the work.   Witness told him if he would refrain, and let witness take out the contract, that witness would grade defendant's lot on Turk street, and allow the assessments against him to be credited on the indebtedness of five or six hundred dollars, which witness then owed defendant."

This testimony was afterwards stricken out, on motion, by the Court below, and judgment being given in favor of the plantiff, the defendants appealed.

The other facts in the case are stated in the opinion.

*E. A. Lawrence,* for Appellants.

No one appearing for Respondent.

SPRAGUE, J., delivered the opinion of the Court :

The only points involved in this case not determined in *Himmelmann* v. *Reay,* No. 1666,* just decided, relate, First —To the date of plaintiff's return to the Street Superintendent of his demand of the amount assessed upon the lots described in the complaint, and the time of record of such return ; and, Second—To the validity of a set-off pleaded and claimed by defendants.

Upon the first point we are entirely satisfied, from the

---

* This case is before the Court on a re-hearing.

complaint and verified return as found in the record, that the date *"17th day of April,* 1866," as printed in the twenty-ninth finding, is a clerical or typographical error. The Court finds that the warrant, etc., was dated March 29, 1866, and was, thereafter, on the same day, duly recorded and delivered to plaintiff; and that within ten days after the date of said warrant, to wit,. "on the 17th day of April, 1866 (as printed in the record), the said warrant was returned to the Superintendent of Public Streets and Highways, with a return indorsed thereon, signed by the said plaintiff and verified upon his oath," etc. The allegation of the complaint is, that the return was made on the 7th day of April, 1866, and the return itself, as found in the record, shows that it was made on the 7th day of April, 1866. It is not probable that the Court intended to, or did, in fact, find that from the 29th of March, to the 17th day of April, 1866, was within ten days, and we are entirely satisfied that "17th day of April," as printed in the twenty-ninth finding, is a clerical or typographical error, and should be "7th day of April."

The statute does not prescribe any time within which the affidavit of demand shall be recorded by the Superintendent of Streets, and the fact that such record was not made for over two months after the return, could not, as we conceive, prejudice defendant's rights, and should not be permitted to prejudice the rights of plaintiff, who had no control of the matter.

Upon the second point, we are satisfied the Court did not err in striking out defendant's testimony, introduced for the purpose of establishing his set-off, and in disallowing such set-off. Such testimony tended to establish a claim against Michael Hayes, the original contractor, who assigned his contract to Dougherty before work under the same was commenced, and before any demand against defendant in favor of Hayes existed, by virtue of his contract. Dougherty performed the work, and assigned his warrant for the amount due him therefor to plaintiff, and neither Dougherty nor plaintiff prior to such last assignment, had any notice of defendant's demand against Hayes, or of any agreement between Hayes and defendant in reference to an offset of

such demand in payment of assessments for work performed under the contract. It is apparent, therefore, that whatever claim defendant may have held against Hayes, or whatever agreement may have been made between Hayes and defendant, relative to a set-off of such demand, in payment of assessment made upon defendant's lots, the same could not be allowed against the plaintiff in this suit.

Judgment and order affirmed.

