## MOSES O. HALL *vs.* EDWARD FOSTER.

There is no variance between a note declared on according to its tenor and one exactly like it produced in evidence.

In an action upon a promissory note, interest can be recovered without a separate count therefor.

It is not a valid exception for a defendant, that the jury have found against him for a year's less interest than they might have found under the declaration.

CONTRACT. The declaration was in the usual form, upon a promissory note. The note, a copy of which was annexed, was as follows : " Boston, May 3, 1870. Four months after date I promise to pay to the order of myself, five hundred dollars, pay- able at Suffolk Bank. Edward Foster." [Indorsed] " Edward Foster."

At the trial in the Superior Court, before *Pitman*, J., it ap- peared from the plaintiff's evidence that the note was originally dated November 3, 1869, and was given in settlement of a balance due which grew out of a transaction between the parties in Octo- ber, 1867 ; that it was never put in the bank for collection ; that in May, 1871, the plaintiff· called on the defendant and requested him to give him some money or a new note ; that thereupon the defendant took the note and altered the month from " Novem- ber " to " May," and the year from " 1869 " to " 1870," by eras- ing the " 69 " and writing the figures " 70," so that the note was dated after the alteration " May 3, 1870 "; and the defendant handed the note back to the plaintiff, saying " That is as good as a new note."

The defendant, upon the production of the note, contended that there was a variance between the declaration and the note, and that the plaintiff could not recover upon the declaration as it stood. The court, before any evidence was introduced, told the plaintiff he could amend his declaration, but he declined to amend, and the court admitted the evidence, subject to the de- fendant's exception.

The defendant asked the court to instruct the jury that upon the declaration, the plaintiff could recover no interest previous to the date of the writ, on the ground that there was no separate

allegation or count claiming the same. But the court declined so to rule, but did instruct them that if they found for the plaintiff, they should add interest from the time of maturity of the note.

The jury found for the plaintiff for $537.50, and the defendant alleged exceptions.

*J. Nickerson,* for the defendant.

*E. M. Bigelow,* for the plaintiff, was stopped on the question of variance.

GRAY, C. J. The declaration does not undertake to set out the legal effect of the note declared on, but does set out an exact copy thereof in the words and figures which appear upon the face of the note, and claims the amount of the note and interest in the form authorized by the practice act. Gen. Sts. *c.* 129, §§ 2, 87. An alteration of the date of the note as set forth would have created, not cured, a variance. The jury have included in their verdict no more interest than would be due assuming that the note was actually made in May, 1871. The defendant has therefore no ground of exception.      *Exceptions overruled.*