[No. 5,782.]

## PRESTON ET AL *v.* EUREKA ART. STONE CO.

SUBSTITUTION OF ATTORNEYS — NEW TRIAL — IRREGULARITY — ACCIDENT OR SURPRISE.—S. (the defendant's attorney) in writing substituted M. and another as attorneys in his place, and they served upon the plaintiffs' attorney a written notice that they were substituted, but the substitution was not filed with the clerk.  Judgment was afterward entered for the plaintiffs, the minutes reciting that the defendant appeared by S., (his original attorney) and that the judgment was by consent.  In point of fact S. was not present, and knew nothing of the judgment until afterward; but M. (as stated in his affidavit) was present in court on the day the judgment was entered, and being informed by the plaintiffs' attorney that the case would be called, replied that he (plaintiffs' attorney) must proceed as he thought fit, and that he (M.) should not give consent to any proceedings in the matter.  Notice of motion for a new trial, on the grounds of irregularity and surprise, was given more than a year after the rendition of judgment, (notice of the filing not having been served) and motion denied. *Held*, 1st. That after the service of notice of substitution on plaintiffs' attorney, it would have been improper for him to recognize any other than the substituted attorneys as attorneys for the defendant.  2nd. That there was no irregularity of the Court, or of the adverse party, by which the defendant was prevented from having a fair trial; the defendant's counsel having been present in Court on the day of the trial, and informed that the case would be called, and having made no objection to the Court, or, (as the Court construes his statement,) to the plaintiffs' attorney: and 3rd. That there was no accident or surprise which ordinary prudence could not have guarded against.

APPEAL from an order denying defendant's motion for new trial, in the Nineteenth District Court, City and County of San Francisco. WHEELER, J.

The facts are stated in the opinion.

*A. D. Splivalo*, and *E. J. & J. H. Moore*, for Appellant.

There was no consent to an order for judgment for plaintiffs. (Code Civ. Proc. § 283.) Splivalo was attorney of record, and he deposes that he was not present, and did not consent, and no one deposes to the contrary. The conflict in the affidavits is upon the question whether J. H. Moore did consent. But Moore was not attorney of record—the substitution having never been filed. (Code Civ. Proc. § 284.)

*Walter Van Dyke*, for Respondent.

Department No. 2, SHARPSTEIN, J.:

This is an appeal from an order denying the defendant's motion for a new trial. The motion was based upon a bill of exceptions and affidavits; from which it appears, that in July, 1876, the case was transferred from its proper place on the calendar to the foot of it, on account of the absence of the plaintiffs' attorney, who was in the Atlantic States during part of that and the preceding month. On his return in the latter part of July, by an *ex parte* motion he had the case advanced on the calendar, so that it was reached for trial on the 31st of July. Prior to the last mentioned date, Mr. Splivalo, who had been the attorney of the defendant, substituted E. J. and J. H. Moore as attorneys in his place, and they served notice of their substitution upon the plaintiffs' attorney on the 17th of July, 1876. The substitution, however, has never been filed with the Clerk. There is an entry in the minutes of the Court of July 31st, 1876, which reads as follows:

" This cause came on regularly for trial. Mr. Van Dyke appeared for plaintiffs, and Mr. Splivalo for defendant. Whereupon, by consent of respective counsel in open Court, it is or-

dered that judgment be entered in favor of plaintiffs and against defendant for the sum of $1,187.35 in gold coin of the United States of America, with costs. By consent of respective counsel, it is ordered that proceedings be stayed for sixty days."

Mr. Splivalo states in his affidavit that he was not in Court on the day when the case is stated in said minutes to have come on for trial, and gave no consent to, and knew nothing of, the proceedings therein mentioned.

Joseph H. Moore states in his affidavit that he met the plaintiffs' counsel in the court-room on the day upon which the case was called and judgment rendered, and when said plaintiffs' counsel told him, Moore, that the cause would soon be called for trial, he says: "I told him he must proceed as he thought fit; that I should not give consent to any proceedings in the matter, and I then withdrew from the court-room. I did not consent to the order for judgment entered herein, or to any other order, and was not present in Court when it was made and entered."

Mr. Van Dyke, counsel for plaintiffs, in his affidavit states distinctly that it was agreed between him and said Moore that judgment should be entered as the minutes state. He says that he does not recollect whether Mr. Splivalo was present or not; and after the notice of substitution was served, it was immaterial whether he was or not.

After the service of that notice upon plaintiffs' attorney, it would have been clearly improper for him to have recognized any other than the substituted attorneys of the defendant as its attorneys in the action. That one of the substituted attorneys was present in Court on the day that the cause was called for trial, and was informed that it would be called for trial on that day, and made no objection to the Court, and, as we construe his statement, none to the plaintiffs' counsel, to its being taken up and disposed of at that time, is not controverted. Besides, Mr. J. H. Moore, one of the substituted attorneys, states that on the day of the rendition of the judgment, and after it had been rendered, he went to the Clerk of the Court and requested him not to have the fact of its rendition published.

Points Decided.

The notice of motion for a new trial is dated more than a year after the judgment was rendered. . It was technically within the time allowed by law, as no formal notice of the rendition of the judgment had been served in the meantime. But it is scarcely credible that the defendant, whose counsel knew of its rendition from the date thereof, would have delayed his attack so long if there had been any "irregularity of the proceedings of the Court and of the adverse party by which the defendant was prevented from having a fair trial." (Code Civ. Proc. § 657.)

It is unnecessary to add, that upon the defendant's own showing there is nothing tending to establish a case of "accident or surprise which ordinary prudence could not have guarded against." (Id.)

And upon the material facts, as presented by the affidavits submitted on behalf of the defendant, without looking into those submitted by the other side, we would be compelled to affirm the order of the Court below. But there is a material conflict between the affidavits.

Order denying the motion for a new trial affirmed.

THORNTON, P. J., and MYRICK, J., concurred.