JOHN T. WARD, RESPONDENT, v. SADIE I. CLAY, APPELLANT.

PLEADING — GENERAL DEMURRER — DEFECTS OF FORM. — Defects of form of averment or uncertainty cannot be urged upon general demurrer.

ID. — COMPLAINT ON PROMISSORY NOTE — AVERMENTS OF LEGAL EFFECT. — A complaint on a promissory note which states the material substance and legal effect of the note, showing its date, consideration, parties, principal sum, and rate of interest, and the amount due and unpaid, and avers that defendant refuses to pay the same or any part thereof, and that plaintiff is still the owner and holder of the note, is not subject to a general demurrer on the ground that a copy of the note is not embodied in the complaint.

ID. — EXHIBIT OF NOTE ANNEXED TO COMPLAINT — ADMISSION OF EXECUTION. — A copy of a note annexed to the complaint, and referred to in the body of the complaint as an exhibit, forms a part of the complaint, and may properly be referred to by the court for the purpose of ascertaining the form and contents of the note. Unless denied by a verified answer, the genuineness and due execution of the note in the form exhibited are admitted for all purposes of the trial, if the complaint directly alleges that the defendant executed and delivered to plaintiff the note, a copy of which is referred to as an exhibit.

STIPULATION ADMITTING FACTS — POWER OF COURT TO SET ASIDE FOR MISTAKE. — Under section 473 of the Code of Civil Procedure, the court may, upon such terms as may be just, set aside a stipulation entered into between the attorneys in a pending case, admitting the truth of certain facts alleged in the answer, and dispensing with proof thereof, where it is shown that the stipulation was made without plaintiff's knowledge, and under a mistake of plaintiff's attorney as to its legal effect, and that the stipulation admitted material averments which were not true, and that its effect would prevent a trial of the case upon its real merits. Such stipulation performs the function of an express replication to the answer, and is subject to be amended or set aside by the court to the same extent and under like circumstances as would be a pleading having like effect.

AMENDMENT OF PLEADINGS AND PROCEEDINGS — RELIEF AGAINST MISTAKE OF LAW. — The discretionary power of the court conferred by section 473, Code of Civil Procedure, extends to relief against a mistake in any respect, and enables it to mold and direct its proceedings so as to dispose of cases upon their substantial merits, whether the obstruction to such a disposition of cases be a mistake of fact or a mistake as to the law; although it may be that the court should require a stronger showing to justify relief from the effect of a mistake in law than in case of a mistake as to matter of fact.

NON-PAYMENT OF NOTE — FINDINGS — CONCLUSION OF LAW — COMPUTATION OF AMOUNT UNPAID. — A finding that a certain balance is due and

owing from defendant to plaintiff upon the note in suit states merely a conclusion of law, and is not a finding of fact covering the issue of non-payment. But that is certain which can be made certain, and it is sufficient if the findings show that no part of the note has been paid excepting the principal and interest of a certain collateral note, which gives the balance found due to plaintiff by computation, after deducting from the amount of the note in suit the whole amount of the collateral note.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

*R. Percy Wright*, for Appellant.

*J. W. Ward, Jr.*, and *J. A. Cooper*, for Respondent.

·VANCLIEF, C.— Action upon a promissory note for $2,546.48, on which plaintiff recovered a balance unpaid of $790.75 and costs. The appeals are from an order denying defendant's motion for new trial, and from the final judgment.

The complaint states:—

"1. That on or about the seventh day of December, 1883, the defendant, Mrs. Sadie I. Clay, and her husband, Frederic Clay (since deceased), were indebted to the said plaintiff, John T. Ward, in the sum of twenty-five hundred and forty-six and forty-eight hundredths dollars ($2,546.48), and on said seventh day of December, 1883, in consideration of said indebtedness, Mrs. Sadie I. Clay, defendant herein, and Frederic Clay aforesaid, executed and delivered to said John T. Ward their promissory note, in words and figures which in a copy of said note annexed to this complaint, and marked 'Exhibit A,' are fully set forth."

The second paragraph alleges certain collateral security "for the aforesaid note of $2,546.48."

"3. That the principal sum of $2,546.48 on said note of Mrs. Sadie I. Clay and Frederic Clay, and the inter-

est thereon at ten per cent per annum, payable quarterly in accordance with the terms of said note, from the seventh day of March, 1885, remains due and unpaid, and defendant, though often requested, has neglected and refused, and still neglects and refuses, to pay the same, or any part thereof.

"4. That plaintiff is still the holder of said promissory note for $2,546.48, and of the said note and mortgage for $2,000, assigned to this plaintiff as collateral security in part as aforesaid."

Attached to the complaint is a copy of the note, marked "Exhibit A," as follows:—

"$2,546.48.

"SAN FRANCISCO, CAL., Dec. 7, 1883.

"Twelve months after date, without grace, we promise to pay to the order of John T. Ward, at his office in this city, the sum of $2,546.48, payable in United States gold coin, with interest thereon in like gold coin, from date until paid, at the rate of ten per cent per annum, payable quarterly, and if not so paid, to compound and become a part of the principal, and bear interest thereafter at the same rate, for value received.

"SADIE I. CLAY.
"FREDERIC CLAY."

1. It is contended by appellant's counsel that without reference to the copy of the note exhibited, the complaint does not state a cause of action; that the copy of the note forms no part of the complaint, and cannot be referred to for the purpose of supplying any deficiency in the substance of the complaint; and that the court erred in overruling a general demurrer to the complaint, based solely upon the ground that it does not state facts sufficient to constitute a cause of action.

I think the material substance and legal effect of the note may be read from the body of the complaint, without reference to the copy exhibited, although inartificially and indirectly stated. The first paragraph avers

the date, the parties to and the execution of the note, for a consideration of $2,546.48. The second paragraph refers to it as the aforesaid note of $2,546.48. The third paragraph states the "principal sum" and rate of interest; and that the principal sum of $2,546.48, and the interest from March 7, 1885, remain due and unpaid, and that the defendant refuses to pay the same, or any part thereof. Fourth, that plaintiff is still the holder of the note. Prayer for judgment for $2,546.48, and interest from March 7, 1885.

Tested only by a general demurrer, this seems sufficient. Defects of form of averment or uncertainty cannot be considered upon general demurrer. (*Phelps* v. *Owens*, 11 Cal. 25; *Slattery* v. *Hall*, 43 Cal. 195; *Berry* v. *Cammet*, 44 Cal. 352; *Reynolds* v. *Hosmer*, 45 Cal. 630; *Chase* v. *Evoy*, 58 Cal. 352.)

I think, also, that the copy of the note referred to in the body of the complaint, and annexed to it, might properly have been referred to by the court for the purpose of ascertaining the "words and figures," and the form of the note. (*Emeric* v. *Tams*, 6 Cal. 156; *People* v. *De la Guerra*, 24 Cal. 78; *Clary* v. *Thomas*, 103 Mass. 44; *Hall* v. *Foster*, 114 Mass. 18.) It was properly annexed to the complaint for the purpose of informing the defendant of its form and contents, and unless denied by a verified answer, its "genuineness and due execution," *in the form exhibited,* are admitted for all purposes of the trial. (Code Civ. Proc., sec. 447.)

In *Los Angeles* v. *Signoret,* 50 Cal. 298, cited by counsel for appellant, the plaintiff was required to state facts creating a lien upon land; but the complaint merely stated "that *in pursuance* of facts set forth in a notice and claim of lien recorded in the recorder's office," which notice was annexed to the complaint as an exhibit, "the plaintiff laid out and constructed a sewer over and along the lot, and that, by virtue of the premises, the plaintiff acquired a lien on the lot for the assess-

ments levied thereon." There was no averment that plaintiff had performed any act stated in the notice and claim of lien; nor that the facts therein stated were true; nor even that plaintiff had filed the notice and claim for record. By reference to the acts of the legislature under which the lien was claimed, it will be readily seen that this court very properly said: "Several matters of substance are lacking in the averments found in the complaint, which are sought to be supplied only by reference to the recitals found in the exhibit annexed to the complaint." In the case at bar the complaint directly alleges that the defendant *executed and delivered to plaintiff* the promissory note, a copy of which is annexed to the complaint, and referred to, for the purpose of showing its form, and the exact words and figures of which it is composed, and thereby enabling the defendant to determine whether she made it or not. (*Lambert* v. *Haskell*, 80 Cal. 611.)

The copy of the note thus exhibited is a part of the single count of which the complaint is composed, and is stated and referred to in the manner and form authorized by section 447 of the Code of Civil Procedure; and therefore *Loup* v. *California S. R. R. Co.*, 63 Cal. 97, and other cases requiring each count to state a complete cause of action without reference to other counts, cited by appellant's counsel, have no application to this case.

2. The objection that "there is no finding of the amount remaining unpaid on the promissory note sued upon," is answered by the "ninth" finding, as follows: "That there is now due and owing from defendant, Sadie I. Clay, to the plaintiff, on the promissory note sued on in this case, a balance of $790.75." This implied that the balance found to be due and owing remained "unpaid."

3. On October 3, 1886, two days before the commencement of the trial, the attorneys for the respective parties signed a written stipulation as follows:—

"It is hereby stipulated that the plaintiff admits the truth of all the facts alleged in the answer herein, and that defendant need not offer any evidence on the trial of the above-entitled action, except as to the following facts alleged in the answer, viz.:—

"The facts alleged in said answer, on page one thereof, and on page two, up to and including line fourteen on said page.

"The words 'and before,' on page three of said answer, line three, are struck out, and on line five of said page the word 'and' is inserted between 'plaintiff' and 'said.'

"J. W. WARD, JR.,

"Attorney for Plaintiff.

"R. PERCY WRIGHT,

"Attorney for Defendant."

This stipulation was filed with the clerk on October 5th, the day of the commencement of the trial, and after plaintiff had rested his case, was introduced in evidence by defendant's counsel. The evidence for both parties was closed, and the argument of counsel commenced on the 5th, when the court adjourned until the next day (October 6th) to hear further argument.

At the opening of court on October 6th counsel for plaintiff moved for an adjournment of the trial, to afford him an opportunity to move the court, upon affidavits, to set aside said stipulation, and to relieve the plaintiff from the effect thereof, on the ground that it was inadvertently entered into under a mistake of fact, and a misapprehension of its legal effect. The court thereupon ordered that upon the payment by plaintiff to defendant's attorney of one hundred dollars, the case would be continued until the following November. Plaintiff paid to defendant's attorney one hundred dollars, and the case was continued until the November term.

On October 20th plaintiff filed and served notice of the motion and the grounds thereof, with the affidavits of plaintiff and his attorney, appointing November 8th

for the hearing.    After hearing, the court "ordered that said motion be granted, and said stipulation is hereby set aside on the ground that the plaintiff's attorney was mistaken as to the legal effect of said stipulation when he signed the same."

It is contended by appellant's counsel that this action of the court was error, for which the judgment and order should be reversed.

The affidavits of plaintiff and his attorney tend to prove, and if true, do prove, that the allegations of the answer admitted by the stipulation were not true; that the stipulation was hastily and inadvertently entered into without the knowledge or consent of the plaintiff, and by mistake as to the truth of those facts induced by representations of defendant's counsel; and also under a mistaken view of the legal effect of those facts and of the stipulation.

On the part of the defendant the affidavit of her attorney tended to disprove all the material facts stated by affiants on the part of the plaintiff, except the facts that the stipulation was entered into without the knowledge or consent of the plaintiff, and that plaintiff's attorney was mistaken as to the legal effect of the stipulation.

No doubt that his attorney had authority to bind the plaintiff by the stipulation, and the only question to be decided is: Did the court, in relieving the plaintiff from the effect of the stipulation, exceed or abuse its discretionary authority?

I think the learned counsel for appellant is mistaken in contending that the stipulation should be treated as an ordinary contract not relating to proceedings in a court, from the obligation of which a party will not be relieved, as a general rule, except on the ground of fraud or mistake as to matter of fact.    The stipulation in this case related to proceedings in a pending action.    Its sole object was to settle and limit the issues of fact to be tried; and its obligation was not different from nor any stronger

than that incurred by an express admission of fact by a pleading. Indeed, it stands in the place and performs the function of an express replication to the answer in this case; and is, therefore, subject to be amended or set aside by the court to the same extent and under like circumstances as would be a pleading having a like effect. The Code of Civil Procedure, section 473, provides that "the court may, in furtherance of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding . . . . by correcting a mistake in the name of a party, or a mistake *in any other respect.* . . . . The court may likewise, in its discretion, after notice to the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding *in other particulars;* . . . . and may also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

It was said by Baldwin, J., in *Roland* v. *Kreyenhagen,* 18 Cal. 457: "The power of the court should be freely and liberally exercised under this and other sections of the act to mold and direct its proceedings, so as to dispose of cases upon their substantial merits, and without unreasonable delay, regarding mere technicalities as obstacles to be avoided rather than as principles to which effect is to be given in derogation of substantial right. . . . . It [the court] can also usually prevent unjust or unfair advantages, or serious injury arising from casualties or inadvertence."

In *Kirstein* v. *Madden,* 38 Cal. 163, the original answer failed to deny material allegations of the complaint; the defendant moved to amend it by denying those allegations; and the court denied the motion. Upon appeal the appellate court, by Sawyer, C. J., said:—

"We think he [defendant] ought to have been permitted to amend his answer. From oversights of coun-

sel, committed under pressure of business, pleadings are often defective. In such cases, when an offer to amend is made, at such a stage in the proceedings that the other party will not lose an opportunity to fairly present his whole case, amendments should be allowed with great liberality."

In *Richardson* v. *Musser*, 54 Cal. 198, this court, by McKinstry, J., said: "There can be no doubt of the *power* of the trial court to relieve a party from the effects of a stipulation which admits as a fact that which is not true, if the application is made in proper time."

It is true that the mistake in the case last cited was a mistake as to a matter of fact; but the general principle announced by the court is in accord with section 473 of the Code of Civil Procedure, which extends the *power* of the court to grant relief in this class of cases, "by correcting a mistake in the name of a party, or a mistake *in any other respect.*"

The principal purpose of vesting the court with this discretionary power is to enable it "to mold and direct its proceedings so as to dispose of cases upon their substantial merits," when it can be done without injustice to either party, whether the obstruction to such a disposition of cases be a mistake of fact or a mistake as to the law; although it may be that the court should require a stronger showing to justify relief from the effect of a mistake in law than in case of a mistake as to matter of fact. The exercise of the power conferred by section 473 of the code, however, should appear to have been "in furtherance of justice," and the relief, if any, should be granted upon just terms.

In this case it appears that the trial court was justified, by the showing made, in believing that the stipulation was entered into by plaintiff's attorney inadvertently and by mistake, without the knowledge or consent of plaintiff; that it admitted material averments of the answer which were not true; and that the effect of

the stipulation would be to prevent a trial of the case upon its true merits, and that the trial would thereby result in injustice to the plaintiff. The terms upon which the relief was granted does not appear to have been unjust. There is no complaint that the defendant was not allowed sufficient time and opportunity to prove the allegations of her answer, and it does not appear that one hundred dollars, paid her by the plaintiff, was not sufficient compensation for all detriment suffered by the postponement of the trial. Therefore, it does not appear that the setting aside of the stipulation was an abuse of the discretionary power of the trial court.

4. The finding that the deed from Marion Thompson to J. W. Ward was not made for or on behalf of plaintiff, and that J. W. Ward never held the title to the property described in said deed for plaintiff as security, or otherwise, is justified by the positive testimony of J. W. Ward.

I think the judgment and order should be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 10th of February, 1890: —

BEATTY, C. J. — The appellant bases her petition for a rehearing altogether upon the contention that the ninth finding of the superior court, "that there is now due and owing from defendant Sadie I. Clay to plaintiff, on the promissory note sued on in this case, a balance of $790.75," is merely a conclusion of law, and not a finding of fact covering the issue of non-payment.

I think the contention is well founded, and that we ought not to approve the ninth finding as a sufficient

answer to the issue of non-payment.    But there are specific findings covering this issue.

It is found that the defendant, as collateral security for the note in suit, assigned a note payable to her, dated December 7, 1883, for two thousand dollars, bearing interest at six per cent.    It is further found that this note, so held as collateral security, was sold by the plaintiff January 25, 1886, "for the amount of the principal and interest then due" thereon, and the proceeds credited on the note in suit.

It is further found that no part of the note in suit has been paid, "except the amount of the principal and interest due on the two-thousand-dollar collateral note *dated* January 25, 1886."

The word "dated" in the last part of this finding is an evident clerical mistake, and should be omitted.    With or without it the meaning of the finding is perfectly clear, viz., that no part of the note in suit has been paid except two thousand dollars, the principal of said collateral note, and the interest due thereon January 25, 1886.

It is true this leaves the amount paid to be computed, but that is certain which can be made certain, and allowing in favor of the defendant that all the interest that had ever accrued on the two-thousand-dollar note was due and unpaid when it was sold, and deducting this maximum sum from the amount of the note in suit at the date of judgment, there remains the full sum found to be due, and for which judgment was rendered.

Rehearing denied.