SUCCESSION OF LLUVERAS, PETITIONER, v. SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of *Mandamus* directed to the Judge of the District Court of Ponce in an action of filiation and partition.

No. 144.—Decided April 20, 1914.

ATTORNEYS—SUBSTITUTION OF ATTORNEY.—As a general rule and according to Rules 29 and 30 of District Courts, when a party desires to change his attorney it is only necessary for said party to give written notice to the court and to the adverse party to that effect in order that the new attorney may be recognized as the attorney of record, and the functions of the first attorney cease from the moment said notification is made.

ID.—AUTHORITY OF ATTORNEY—DISCRETION OF COURT—PRESUMPTION.—Although as a general rule it is always presumed that an attorney who appears in a case in the name of a party is duly authorized to do so and is not bound to prove his authority, yet the court always has the discretional power to inquire into said authority when it considers it necessary.

ID.—MANDAMUS—SUBSTITUTION OF ATTORNEY.—When, as in the case at bar, an attorney appears in the name of a party asking the court to consider him as substituted in place of the other attorney who had appeared first and the latter asks the court for an opportunity to show cause why the substitution

asked for should be denied, and the court sets a day for hearing the parties and takes the case under consideration, this court will not intervene by means of a writ of *mandamus* to order the district court to set aside said proceeding and allow said substitution.

The facts are stated in the opinion.

Mr. *Herminio Díaz Navarro* for the petitioner.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The Succession of Juan Francisco Lluveras, by Herminio Díaz Navarro, its attorney, filed a petition in this court for a writ of *mandamus* directed to the Judge of the District Court of Ponce, commanding him to order that Francisco Socorro be considered as the attorney of record for the plaintiffs in the action of filiation brought by Petra Muñoz *et al.* against the petitioning succession.

Briefly, the petition alleges that Petra Muñoz, represented by her natural mother, Florinda Muñoz, and Helena Muñoz brought an action against the Succession of Lluveras through Attorney Eduardo Flores Colón; that the defendant demurred to the complaint; that at that stage of the proceedings the plaintiffs, by Attorney Francisco Socorro, presented a motion to the court revoking the authority given to Attorney Flores and naming Attorney Socorro to represent them; that the said motion was served on Attorney Flores and he asked the court to set a day when he would show cause why the substitution of attorney should be denied; that the court set February 4, 1914, for hearing the parties; that on the said 4th day of February, 1914, Attorney Socorro moved the court to reconsider its ruling and to consider the substitution as made; that the court has not yet ruled on this motion and that in view of all the foregoing the petitioning succession does not know what attorney to treat with in prosecuting the litigation.

The petitioner also contends that according to law and jurisprudence the District Court of Ponce was and is obliged to accept Socorro as the attorney of record "without enter-

taining or considering proceedings to show cause, which are entirely out of place in such a case."

The attorney for the petitioning succession cites various decisions of the Supreme Court of California in support of his contention. The majority of the said decisions is based on provisions of the Code of Civil Procedure of the said state which do not exist in Porto Rico. Nevertheless, as the Rules of the District Courts of this Island contain some provisions similar to those of the Code of Civil Procedure of California upon the matter in question (rules 29 and 30) and as the doctrine laid down in said decisions is general and logical and in harmony with the practice followed in our courts, we shall consider it applicable. In substance the said decisions hold that in order for a party to exercise the right to change his attorney at any time it is only necessary for said party to notify the court to that effect and the court is justified in entering the corresponding order (*Woodbury* v. *Nevada, etc., Ry. Co.,* 121 Cal., 165); that written notice of the change of attorney should be given to the adverse party and until such notice is given the first attorney should be recognized (*Prescott* v. *Salthouse,* 53 Cal., 222), and that after the plaintiff's attorney has been notified of the change it would be clearly improper for said attorney to recognize any other than the substituted attorney as attorney for the defendant. *Preston* v. *Eureka Art. Stone Co.,* 54 Cal., 200.

Now, does the doctrine laid down in the foregoing decisions prevent the district court from ascertaining, in a case where the circumstances require it, whether the attorney who is said to represent a party is really such representative? In our opinion the answer is in the negative.

The same Supreme Court of California, in the case of *S. F. Savings Union* v. *Long,* 123 Cal., 107, 113, through Mr. Justice Temple, expressed itself as follows:

"It is always presumed, until the contrary appears, that an attorney is duly authorized to appear for and represent any parties for whom he assumes to act. This confidence, which underlies all judi-

cial action in this country, rests not only upon a belief in the honor and integrity of the attorney, but upon the fact that he is a sworn officer of the court. There can scarcely be a more gross violation of the duty of an attorney than knowingly and wilfully to appear for and represent a party to an action without authority. And it is especially so if the person for whom the unauthorized appearance is made has not been served and does not know that an attempt is being made to obtain a judgment against him. In this case we are satisfied that the unauthorized appearance was unintentional, and, as we are assured, resulted from a mistake made in copying and filling out the rough draft of the answer. I think the judgment must be reversed on other grounds, and it is not necessary to pursue this matter further. Although the authority of an attorney is taken for granted, yet the court can always require evidence of his authorization, and in the trial court these matters may all be put right.''

And Cyc., citing decisions in many States of the Union, summarizes the jurisprudence on this point as follows:

''Although it is necessary that an attorney be specially authorized to act for a client, his position as an officer of the court makes it unnecessary for him, in the ordinary case, to show his authority in any way, there being a firmly established presumption in favor of an attorney's authority to act for any client he professes to represent. It follows, therefore, that he will not be required to show his authority unless it is properly called for.

''In spite of this favoring presumption, however, there is a well-recognized discretion in the court to call for proof of an attorney's authority when it sees fit.'' 4 Cyc., 928–929.

Let us examine the circumstances of this particular case. According to the allegations of the petition for a writ of *mandamus,* the plaintiffs filed a complaint through one attorney and later through another attorney moved that the latter be substituted in place of the former, whose authority to represent them had been revoked. If nothing more had taken place, under the general rule stated in the decisions cited by the petitioning succession, the second attorney would have been considered as the attorney of record and the action would have been proceeded with. But the first attorney

moved the court to give him an opportunity to show that the substitution solicited should not be granted. The circumstances were different and the judge acted properly in setting a date for hearing the parties, especially as one of the plaintiffs is a minor.

In view of the foregoing and as the point at issue is properly under the consideration of the district court having jurisdiction, this court cannot intervene and by means of a writ of *mandamus* order the district court to decide said question in a specific manner. At this stage of the proceedings not this court but the same district court should decide the question presented, after weighing the attendant circumstances and applying the law in the proper manner.

The petition should be dismissed.

*Petition denied.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.