## Sucesión Lluveras, Peticionaria, *v.* Sepúlveda, Juez de Distrito, Demandado.

Solicitud para que se expida un mandamiento de *mandamus* al Juez de la Corte de Distrito de Ponce en un caso sobre filiación y partición de herencia.

No. 144.—Resuelto en abril 20, 1914.

Abogados—Sustitución de Abogado de Récord Hecha por la Parte—Procedimiento para Efectuar el Cambio de un Abogado de Récord.—En términos generales y de acuerdo con las reglas 29 y 30 de las cortes de distrito, cuando una parte desea cambiar de abogado sólo necesita notificar por escrito a la corte y al abogado de la parte contraria, para que sea reconocido como tal el nuevo abogado y desde el momento en que se hace dicha notificación cesan las funciones del primer abogado.

Id.—Cambio de Abogado de Récord—Investigación por la Corte—Presunción.—Aunque por regla general existe siempre la presunción de que el abogado que comparece en un pleito a nombre de una parte está debidamente autorizado para ello y no tiene necesidad de probar dicha autorización, ésto no obstante, el tribunal tiene siempre la facultad discrecional de investigar dicha autorización cuando lo considere necesario.

ID.—MANDAMUS—CAMBIO DE ABOGADO DE RECORD—INVESTIGACIÓN DE LA AUTO-
RIZACIÓN DEL ABOGADO.—Cuando, como en el caso de autos, ocurre que un
abogado comparece a nombre de una parte pidiendo al tribunal que se le
tenga como tal en sustitución del otro abogado que primeramente había
comparecido, y éste pide al tribunal que se le dé una oportunidad para de-
mostrar que no debe acordarse la sustitución solicitada, y la corte señala día
para oir las pruebas que se presenten y toma bajo su consideración el caso,
este tribunal no intervendrá por medio de *mandamus* para compeler al tri-
bunal inferior que rechace dicho procedimiento y admita dicha sustitución.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. Herminio Díaz Navarro.*
El demandado no compareció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

La Sucesión de Juan Francisco Lluveras, por medio de
su abogado Herminio Díaz Navarro, presentó a esta Corte
Suprema una solicitud para que se expida un auto de *man-
damus* dirigido al Juez de la Corte de Distrito de Ponce,
ordenándole que a su vez ordene que se tenga a Francisco
Socorro por abogado de récord de la parte demandante en
el pleito seguido contra la sucesión peticionaria por Petra
Muñoz *et al.,* sobre filiación.

En la solicitud se alega, en resumen, que Petra Muñoz,
por su madre natural Florinda Muñoz, y Helena Muñoz, enta-
blaron demanda contra la Sucesión Lluveras por medio del
abogado Eduardo Flores Colón; que la parte demandada
excepcionó la demanda; que en tal estado el procedimiento,
las demandantes, por medio del abogado Francisco Socorro,
presentaron una moción a la corte revocando la representa-
ción que habían conferido al abogado Flores, y otorgándola
al abogado Socorro; que de dicha moción se dió traslado al
abogado Flores y éste pidió a la corte que señalara un día
para mostrar causas por virtud de las cuales debía denegarse
la sustitución de abogado; que la corte señaló el 4 de febrero
de 1914 para oir a las partes; que en el dicho día 4 de febrero
de 1914 el abogado Socorro pidió a la corte que reconside-
rara su resolución y tuviera por hecha la sustitución; que
la corte nada ha resuelto todavía, y que la sucesión peticio-

naria se encuentra, por virtud de todo lo expuesto, sin saber
con qué abogado entenderse en la tramitación del litigio.

Y sostiene además la peticionaria que de acuerdo con la
ley y la jurisprudencia, la Corte de Distrito de Ponce tenía
y tiene el deber de aceptar como abogado de récord al Sr.
Socorro "sin dar margen ni paso a procedimientos *to show
cause* fuera, en absoluto, de lugar en tal caso."

El abogado de la sucesión peticionaria cita varias deci-
siones de la Corte Suprema de California en apoyo de su
contención.  Dichas decisiones se basan en su mayoría, en
preceptos del Código de Enjuiciamiento Civil de dicho Es-
tado, que no existen en el de Puerto Rico.  Esto no obstante,
como en las reglas de las Cortes de Distrito de esta Isla se
encuentran algunas disposiciones similares (reglas 29 y 30)
a las del Código de Enjuiciamiento Civil de California, sobre
la materia en cuestión, y como la doctrina que establecen
dichas decisiones es general y lógica, y está de acuerdo con
la práctica seguida en nuestros tribunales, las considerare-
mos aplicables.  En substancia, las expresadas decisiones sos-
tienen: que para el ejercicio del derecho de una parte a cam-
biar su abogado en cualquier tiempo, es sólo necesario que di-
cha parte así lo requiera de la corte, a fin de que la corte esté
justificada en dictar la orden procedente.  *Woodbury* v. *Ne-
vada, Etc., Ry. Co.*, 121 Cal. 165; que la notificación del cam-
bio de abogado debe hacerse por escrito a la parte contraria,
y que hasta que se haga tal notificación el primer abogado
debe ser reconocido, *Prescott* v. *Salthouse,* 53 Cal., 222, y que
después de haberse notificado el cambio al abogado del de-
mandante, sería claramente impropio por su parte reconocer
como abogado del demandado a cualquier otro que no sea
el sustituto elegido.  *Preston* v. *Eureka Art. Stone Co.,* 54
Cal., 200.

Ahora bien, ¿impide lo resuelto en las repetidas decisio-
nes, que la corte de distrito pueda en un caso en que las cir-
cunstancias lo exijan, investigar si el abogado que se dice

el representante de una parte, lo es o no en realidad de ver-
dad? En manera alguna, a nuestro juicio.

La misma Corte Suprema de California en el caso de *San
Francisco Savings Union* v. *Long,* 123 Cal., 107, 113, por
medio de su Juez Asociado Sr. Temple, se expresa así:

"Se presume siempre hasta tanto no se pruebe lo contrario, que
un abogado está debidamente autorizado para comparecer y repre-
sentar a cualquiera de las partes por quien asume su representación.
Esta confianza que constituye la base fundamental de todo el proce-
dimiento judicial de este país, descansa no solamente en la creencia
que existe del honor y honradez del abogado, sino también en el hecho
de ser un funcionario de la corte que ha prestado juramento. No
podría existir una infracción más abierta del cumplimiento de los
deberes de un abogado, que el comparecer a sabiendas y voluntaria-
mente a nombre de una parte en una acción sin habérsele autorizado
para ello. Y esto es así principalmente si la persona a nombre de
quien se ha hecho la comparecencia sin su consentimiento, no ha sido
notificada, sin saber tampoco que se ha tratado de obtener sentencia
contra ella * * *. Aunque la facultad del abogado para repre-
sentar a un cliente es un hecho que se considera como admitido, la
corte, sin embargo, puede exigir siempre prueba de esta autorización,
pudiendo quedar arregladas todas estas cuestiones en la corte sen-
tenciadora."

Y Cyc., basándose en muchas decisiones que cita de varios
Estados de la Unión, resume la jurisprudencia sobre la mate-
ria, así:

"Aunque es preciso que un abogado esté especialmente autori-
zado para asumir la representación de un cliente, por lo general no
está obligado, por la posición que tiene como funcionario de la corte,
a probar en forma alguna su autorización, por existir una fuerte
presunción en favor de la facultad del abogado para comparecer a
nombre de cualquier cliente a quien alega representar. De aquí
se deduce, por consiguiente, que el abogado no estará obligado a mos-
trar la referida autorización a menos que sea debidamente requerido
para ello.

"Sin embargo, no obstante esta presunción favorable, está bien
reconocida la discreción que tiene la corte para exigir siempre que
lo considere necesario que se pruebe la autorización del abogado."
4 Cyc., 928–929.

Examinemos las circunstancias de este caso concreto. Según se alega en la misma solicitud de *mandamus,* compareció la parte demandante por medio de un abogado interponiendo la demanda y luego por medio de otro pidiendo que se tuviera al segundo como a su verdadero abogado por haber retirado la representación que había conferido al primero. Si nada hubiera ocurrido, aplicando la regla general consignada en las decisiones invocadas por la sucesión peticionaria, se hubiera tenido al segundo abogado como de récord y el pleito hubiera continuado tramitándose. Pero sucedió que el primer abogado pidió a la corte que le diera una oportunidad para demostrar que no debía acordarse la sustitución solicitada. Las circunstancias variaron y el juez procedió correctamente al fijar una fecha para oir a las partes, tanto más cuanto que una de las demandantes es menor de edad.

Por virtud de lo expuesto, estando la cuestión suscitada debidamente bajo la consideración de la corte de distrito competente, no cabe que esta corte intervenga y por medio de un auto de *mandamus* ordene a la corte de distrito que resuelva dicha cuestión en determinado sentido. No somos nosotros en este estado del procedimiento, sino la misma corte de distrito, la que debe resolver la cuestión suscitada, apreciando las circunstancias que concurran y aplicando la ley en la forma que fuere procedente.

Debe desestimarse la solicitud.

*Desestimada la solicitud.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.