[No. 8,138.  In Bank.—January 28, 1885.]

DAVID GHARKY, APPELLANT, v. JOHN WERNER, EXECUTOR OF THE LAST WILL OF DAVID GHARKY, DECEASED, RESPONDENT.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—AMENDMENT OF PETITION.—Where a petition for the sale of real estate of a deceased person is defective in not containing a description of all the real estate of which the decedent died seized, it cannot without further notice be amended at the

hearing, so as to validate an order of sale based thereon. After such amendment the petition becomes a new petition, and proceedings *de novo* must be had.

APPEAL from an order of the Superior Court of Santa Cruz County, directing the sale of real estate of a deceased testator.

The facts are sufficiently stated in the opinion of the court.

*Charles B. Younger*, for Appellant.

The court had no power to order the petition to be amended. If it had such power, it could not make the order of sale without taking the same steps as upon an original petition.

*W. D. Story*, for Respondent.

The court had power to permit the petition to be amended. (Code Civil Proc., §§ 1713, 473.)

MYRICK, J.—Appeal from an order directing the sale of real estate of the testator. The executor described in his petition for thesale ten parcels of real estate, and due notice was given of the day fixed for the hearing. On the day fixed for the hearing, the executor moved the court for leave to amend the petition by adding another parcel of real estate, which motion was granted; the petition was accordingly amended, and as amended, was reverified on that day. Thereupon, without further notice, the court made an order for sale of real estate, which order is appealed from. On the argument in this court it was not contended that the description of the added parcel was not in the inventory of the property of the estate.

It was error to make the order of sale on the petition as amended without further notice. The petition must contain "a general description of all the real property of which the decedent died seized." (Section 1537, Code of Civil Procedure.) As well might the executor give a description of one parcel, and at the hearing add ten others, as to give ten and at the hearing add one. The court should have treated the petition, when amended, as a new petition, and have proceeded *de novo*.

Order reversed and cause remanded for further proceedings.

ROSS, J., THORNTON, J., McKEE, J., MORRISON, C. J., McKINSTRY, J., and SHARPSTEIN, J., concurred.