[No. 14254. Department One. — August 21, 1891.]

## FRANK BURKETT, APPELLANT, *v.* G. J. GRIFFITH, RESPONDENT.

SLANDER OF TITLE — CONDITIONS OF MAINTAINING ACTION. — An action for slander of title will lie against one who falsely and maliciously disparages the title of another to property, real or personal, and thereby causes him some special pecuniary loss or damage, as the direct and natural result of the words spoken; and in order to maintain the action, it is necessary to establish each of these facts.

ID. — ACTIONABLE WORDS — PLEADING — SPECIAL DAMAGE. — Words spoken disparagingly of property, however false or malicious, are not in themselves actionable, unless special pecuniary damage has resulted therefrom as the direct and natural result of the utterance of the words; and it is necessary, in an action for slander of title, to allege in the complaint, distinctly and particularly, the facts which show wherein the plaintiff has sustained such special damage.

ID. — CONCURRENCE OF INJURY AND DAMAGE — MEASURE OF RECOVERY. — In an action for slander of title, as in all other cases dependent upon special damage, there must be both injury and damage as conditions of recovery. The slanderous words, false in fact and maliciously uttered, constitute the injury and give the right of action, and the pecuniary damage sustained is the measure of recovery.

ID. — WORDS UTTERED AFTER CONTRACT FOR SALE — INDUCING VIOLATION OF CONTRACT — DAMAGE. — If the words were uttered after a sale was completed, or agreed upon and contracted for, so as to give the plaintiff a contract capable of being enforced, he does not suffer any actionable damage from their utterance, although the purchaser was thereby deterred from carrying out his agreement or induced to violate it.

ID. — PLEADING — CONTRACT OF SALE — CONSTRUCTION AGAINST PLEADER. — When the complaint avers an offer to purchase from a third person, and an acceptance of the offer by the plaintiff, and that through the words spoken by defendant such third person was intimidated, dissuaded, and deterred from carrying out his agreement with plaintiff, it will be

construed against the pleader, as intended to aver a complete and executed contract of purchase and sale between the plaintiff and such third person.

ID. — PREJUDICE IN SALE — PLEADING — FACTS SHOWING INJURY — PREVENTION OF INTENDING PURCHASER. — The action will only lie by reason of prejudice in a sale; and in order to show that the words uttered have caused injury, it is generally necessary to aver and show that they were uttered pending some treaty or public auction for sale of the property, and that thereby some intending purchaser was prevented from bidding or competing.

ID. — INDEMNITY TO PLAINTIFF FOR VIOLATION OF CONTRACT — ACTION AGAINST PERSON INDUCING VIOLATION. — If the plaintiff has sustained any damage in consequence of the refusal of any persons to perform their lawful contracts with him, it is damage which may be compensated in actions against those persons, and the law supposes that in such actions the plaintiff would receive a full indemnity; and he has no right of action against a defendant whose words, however false and malicious, have induced the other contracting party to violate such agreement.

ID. — RELEASE OF PURCHASER. — If the plaintiff has released the purchaser from the obligations of his contract, or does not desire to enforce the same, whatever damage he has suffered is the result of his own voluntary act, and cannot be visited upon the defendant.

ID. — PLEADING — DESCRIPTION OF PROPERTY DISPARAGED. — It is necessary for the plaintiff to set forth and describe in his complaint, in direct terms, the property respecting which the defamatory statements were made, as well as to aver title thereto, so that it may be shown wherein the defendant had done him any injury.

ID. — SLANDER OF LEASEHOLD RIGHTS — EXHIBITS — INJURY — ARGUMENTATIVE PLEADING. — A complaint alleging defamatory statements by the defendant, to the effect that the plaintiff had broken the covenants of leases attached to the complaint as exhibits, containing an option to purchase, and tnat plaintiff had forfeited all rights thereunder, and averring that he had a leasehold interest, with option and privilege of purchasing, but not directly alleging the nature or extent of his leasehold interest, or the terms of his option, or what were the covenants of his leases, or the nature of his rights thereunder, and showing these matters of substance only argumentatively, by inference from the contents of the exhibits, fails to show that the statements and declarations could have caused any damage or injury to the plaintiff.

PLEADINGS — EXHIBITS. — Matters of substance which are essential elements in a cause of action must be presented by direct averment, and not by way of recital, or merely as exhibits attached to the complaint.

ID. — REFUSAL TO SELL TO LESSEE WITH OPTION TO PURCHASE. — The allegation that the defendant had stated that he would not sell the lands described in leases from him, held by the plaintiff, which contained an option to purchase, cannot be regarded as a slander of title, especially if it is not alleged that an intending purchaser was informed of such statement.

ID. — SPECIAL DAMAGE — RESULT OF SLANDEROUS WORDS — UNAUTHORIZED REPETITION BY ANOTHER. — A complaint alleging as the only special damage to the plaintiff resulting from the words of the defendant that

an intending purchaser was informed of his words, and withdrew his offer
to purchase, and not alleging that the defendant ever made or authorized
any statements to such purchaser or in his presence, fails to show that
the special damage is the natural and direct result of the defendant's
statements. The defendant is not liable for the subsequent repetition
of the alleged slanderous words by another, without his direction or
authority.

APPEAL from a judgment of the Superior Court of
Los Angeles County.

The facts are stated in the opinion of the court.

*John Robarts,* and *J. D. Bicknell,* for Appellant.

The complaint is sufficient as against the demurrer,
as it states that the respondent made the assertion as to
the title maliciously and without probable cause, and that
he was specially damaged thereby. (See 2 Addison on
Torts, 967–970, and notes; *Brook* v. *Rawl,* L. R. 4 Ex. 521;
19 L. J. Ex. 114.) Slander of title consists in publishing
language, not of the person, but of his right or title to
something. (*Edwards* v. *Burris,* 60 Cal. 160; *Wilson* v.
*Dubois,* 35 Minn. 471; 59 Am. Rep. 335.) Slander of
title ordinarily means a statement of something tending
to cut down the extent of title, which is injurious only
if it is false and malicious; not malicious in the worst
sense, but with intent to injure the plaintiff, and that
he has suffered damage thereby. (*Pater* v. *Baker,* 3 Com.
B. 868; Cooley on Torts, 221.) False, defamatory, and
malicious statements, made with the intent to injure the
owner of land and his title thereto, constitute slander of
title. (*Dodge* v. *Colby,* 108 N. Y. 445.) An action on
the case is the proper remedy. (1 Bac. Abr., 7th Eng.
ed., 108, 143; *Pennyman* v. *Rabanks,* Cro. Eliz. 427.)
The defendant maliciously and without probable cause,
and with intent to prevent the consummation of the
sale, declared that he would not execute the deed pro-
vided for in the leases, even if tendered the purchase
price as therein provided. Sketchley would have been
justified in refusing to take a title from Burkett that was

not marketable; and Burkett could not have prevailed in an action against Sketchley to enforce specific performance. (*Price* v. *Strange*, 6 Madd. 159–165; *Sharp* v. *Adcock*, 4 Russ. 374; *Butler* v. *O'Hear*, 1 Desaus. Eq. 382; 1 Am. Dec. 671; *Parkin* v. *Thorold*, 16 Beav. 67; *Rogers* v. *Waterhouse*, 4 Drew. 329; *Jeffries* v. *Jeffries*, 117 Mass. 184; *Dobbs* v. *Norcross*, 24 N. J. Eq. 327.) In the action for slander of title, it devolves upon the plaintiff to prove that the statements of the defendant were made with actual malice, and that it has been accompanied with actual specific damage. The false representation must have been made with knowledge of its falsity and with intent to deceive, this being the " actual malice." (*Pitt* v. *Donovan*, 1 Maule & S. 639; *McDaniel* v. *Baca*, 2 Cal. 326; 56 Am. Dec. 339; *Stark* v. *Chitwood*, 5 Kan. 141; *Wilson* v. *Dubois*, 29 N. W. Rep. 68, 69 (Minn.); *Wren* v. *Weild*, L. R. 4 Q. B. 730–734; Roscoe's Evidence, 12th ed., tit. Slander of Title, p. 768.)

*Stephen M. White*, and *George W. Knox*, for Respondent.

Where one under contract for the purchase of property is induced to refuse to complete the purchase by reason of slanderous words uttered concerning the property by a third person, the vendor cannot sue such third person for slander. His remedy is on the contract of sale. (*Brentman* v. *Note*, 3 N. Y. Super. Ct. 420; *Morris* v. *Longdale*, 2 Bos. & P. 283; *Vicars* v. *Wilcocks*, 8 East, 1; *Bailey* v. *Drew*, 5 Barb. 297.) The publication must be made by the defendant. If the party to whom the slanderous words or statements or a written libel is sent, being the one defamed, gives it to the world, the defendant is not responsible. (3 Lawson's Rights, Remedies, and Practice, sec. 1236, p. 2189.) Every speaker is the publisher of what he speaks, and is solely liable therefor. That the words spoken have been previously published by another person neither relieves the subsequent speaker

from his liability for the publication made by him, nor imposes any liability on the previous publisher. (*Prime* v. *Eastwood*, 45 Iowa, 640.) A person who utters a slander is not responsible for its voluntary and unjustifiable repetition, without his authority or request, by others over whom he has no control, and who thereby rendered themselves liable to the person slandered. (*Hastings* v. *Stetson*, 126 Mass. 329; 30 Am. Rep. 683. See *Shurtleff* v. *Parker*, 130 Mass. 293; 39 Am. Rep. 454; Townshend on Slander and Libel, 4th ed., sec. 206.) It was necessary for plaintiff to aver and prove special damages; and as he has confined himself to the injury resulting from the Sketchley transaction, he is bound to connect the defendant directly with the latter's knowledge of the defamatory publication. (Newell on Defamation, 204; *Brentman* v. *Note*, 3 N. Y. Super. Ct. 420.) The words charged as actionably slanderous must be set out in the declaration. (*Hill* v. *Ward*, 13 Ala. 310.) The special damage must always be such as naturally or reasonably arises from the use of the words. (Newell on Defamation, 209.) The defamatory words, in cases of this nature, must be proved to be both false and maliciously uttered. (See Newell on Defamation, 205, and cases quoted in foot-notes 2, 3, 4, 5; also *Bailey* v. *Dean*, 5 Barb. 297; *Meyros* v. *Adams*, 12 Mo. App. 334; *Andrew* v. *Deshler*, 45 N. J. L. 168; *Hill* v. *Ward*, 13 Ala. 311; *Van Tuyl* v. *Riners*, 3 Brad. App. 556.)

HARRISON, J. — The plaintiff brought this action against the defendant to recover the sum of twenty-five thousand dollars damages, caused by certain false and malicious statements alleged to have been made by him concerning certain property of the plaintiff. The defendant demurred to the complaint upon the grounds of insufficiency and uncertainty; and from a judgment entered upon an order sustaining the demurrer, the plaintiff has appealed.

Although the term "slander" is more appropriate to

the defamation of the character of an individual, yet the term "slander of title" has by use become a recognized phrase of the law, and an action therefor is permitted against one who falsely and maliciously disparages the title of another to property, whether real or personal, and thereby causes him some special pecuniary loss or damage. In order to maintain the action, it is necessary to establish that the words spoken were false, and were maliciously spoken by the defendant, and also that the plaintiff has sustained some special pecuniary damage as the direct and natural result of their having been so spoken. As words spoken of property are not in themselves actionable, it is necessary to allege the facts which show wherein the plaintiff has sustained damage; and as special damage is the only ground upon which the action can be maintained, it is essential that such damage be distinctly and particularly set out in the complaint. (*Linden* v. *Graham*, 1 Duer, 670; *Swan* v. *Tappan*, 5 Cush. 104; *Malachi* v. *Soper*, 3 Bing. N. C. 371.) It is not actionable to speak disparagingly of the title of another, unless he is damaged thereby. The utterance of a mere falsehood, however malicious, will not sustain an action, unless damage has resulted therefrom (Addison on Torts, 25); and the damage which can be recovered is only such as is the direct and natural result of the utterance of the words. As in all other cases dependent upon special damage, there must be both injury and damage. The slanderous words, false in fact and maliciously uttered, constitute the injury and give the right of action; and the pecuniary damage sustained is the measure of recovery. If the words uttered are not false, or if there be no malice, there is no right of action, and there can be no recovery, unless some special pecuniary damage has resulted from their utterance. In order to show that the words uttered have caused injury to the plaintiff, it is generally necessary to aver and show that they were uttered pending some treaty or public auction

for the sale of the property, and that thereby some intending purchaser was prevented from bidding or competing. (Folkard's Starkie on Slander, sec. 128; Odgers on Libel and Slander, 138.) "This action lieth not but by reason of the prejudice in the sale." (Per Fenner J., in *Bold* v. *Bacon*, Cro. Eliz. 346.) If the plaintiff has merely a general intention to sell, or if the words uttered do not reach any intending purchaser, or if they do not prevent any sale, or are uttered after the sale is completed or agreed upon and contracted for, the plaintiff does not suffer any damage from their utterance.

It is alleged in the complaint that in August, 1888, the plaintiff was the owner of a certain leasehold interest with option and privilege of purchasing two certain tracts of land in Los Angeles County, and that one Arthur Sketchley was then negotiating and treating with him for the purchase of, and offered to purchase from him, an undivided one half of the same for the sum of twenty-five thousand dollars, "and that the plaintiff accepted said offer"; that the defendant, well knowing the premises, did willfully, maliciously, and without probable cause, during the period that the said Sketchley was so negotiating and making the offer aforesaid, and prior and subsequent thereto, publicly state to divers persons (naming them), and to the plaintiff, " that the plaintiff had broken the covenants of his said leases, and had forfeited all rights thereunder and by virtue thereof," and that the defendant would not sell to the plaintiff, or to any person purchasing from him, the lands described in said leases, or execute a deed therefor on the tender of said purchase price; that the said statement and declarations were false, and were made by the defendant for the purpose of preventing the plaintiff from disposing of said leasehold interests and option, and that said Sketchley was informed of the said statements, and was intimidated, dissuaded, and deterred from carrying out his agreement with plaintiff, and

withdrew his offer to purchase, and refused to purchase the same; that but for said statements by defendant Sketchley would have completed said purchase; and that by reason of the said statements plaintiff has been unable to sell said property to Sketchley, and has been thereby damaged in the sum of twenty-five thousand dollars.

1. The averment in the complaint that Sketchley offered to make the purchase from the plaintiff, and to pay therefor the sum of twenty-five thousand dollars, and that "the plaintiff accepted said offer," must, for the purposes of the demurrer, under the familiar rule that the pleading is to be construed *contra proferentem*, be regarded as an allegation of a valid and efficient offer and acceptance, and that by virtue thereof a complete and executed contract of purchase and sale was entered into between them. This construction is corroborated by the subsequent averment that after Sketchley was informed of the statements of the defendant, he was "intimidated, dissuaded, and deterred from carrying out his *agreement* with plaintiff," and shows that it was the intention of the pleader to allege such contract.

This acceptance by the plaintiff of Sketchley's offer, and the agreement between them for the purchase and sale of the property, terminated the " treaty, " and gave to the plaintiff a contract capable of being enforced against Sketchley, and on which he can recover any damages he may have sustained from its violation. The subsequent refusal by Sketchley to carry out his agreement did not give the plaintiff the right to recover in this action the damages thus sustained. In an action like the present, the plaintiff can recover only such damage as he may have sustained by reason of an intending purchaser bring prevented from making the contract; but the complaint herein shows that whatever statements or declarations were made by the defendant prior to the making of the contract did not have the effect to prevent

Sketchley from entering into the same, and those which he made thereafter have not caused the plaintiff any damage which can be said to have resulted therefrom. We know of no case in which it has been held that when the plaintiff has a valid contract of sale, he can recover damages for its breach against one whose words, however false and malicious, have induced the other contracting party to violate such agreement. In *Morris* v. *Langdale*, 2 Bos. & P. 284, in an action for defamation, the special damage alleged was that certain persons had refused to fulfill their contracts with the plaintiff in consequence of the words spoken, but Lord Eldon said: "Now, if the plaintiff has sustained any damage in consequence of the refusal of any persons to perform their lawful contracts with him, it is damage which may be compensated in actions brought by the plaintiff against those persons; and the law supposes that in such actions the plaintiff would receive a full indemnity." A similar principle is laid down in Townshend on Slander and Libel, sec. 206; *Kendall* v. *Stone*, 5 N. Y. 14; *Vicars* v. *Wilcocks*, 8 East, 1; *Paull* v. *Halferty*, 63 Pa. St. 46; *Brentman* v. *Note*, 24 N. Y. St. Rep. 281.

It is not shown by the complaint whether the plaintiff accepted the refusal of Sketchley to complete his purchase as a termination of the contract, or whether he still holds his right of action to enforce the contract. From the averment that "the said Sketchley was then and there, and at all times since has been, able and willing to purchase" the property contracted for, it would seem that Sketchley is still bound by the contract, and if so, the complaint fails to show that the plaintiff has sustained any damage. In any action against Sketchley founded upon the contract, it would be no defense that he had been induced to refuse to complete his purchase by reason of the statements of the defendant alleged herein; and as in such action the plaintiff can recover all the damages he has sustained, he has no right of

action herein against this defendant. If, on the other hand, the plaintiff has released Sketchley from the obligations of his contract, or does not desire to enforce the same, whatever damage he has suffered is the result of his own voluntary act, and cannot be visited upon this defendant. (*Kendall* v. *Stone*, 5 N. Y. 14.)

2. The complaint fails to show that the statements and declarations alleged to have been made by the defendant could have caused any damage to the plaintiff. It was necessary for the plaintiff to set forth and describe in his complaint the property respecting which the defamatory statements had been made, as well as to aver his title thereto, so that it might be shown wherein the defendant had done him any injury. The defamatory statements alleged to have been made by the defendant are, "that this plaintiff had broken the covenants of his said leases, and that plaintiff had forfeited all rights thereunder and by virtue thereof." The only leases referred to in the complaint are those which are annexed to it as exhibits for the purpose of identifying the lands in which the plaintiff had a "leasehold interest with option and privilege of purchasing." The plaintiff has not alleged the nature or extent of his leasehold interest, or the terms of his option, or what were the covenants of his leases, or the nature of his rights thereunder, nor has he alleged that the covenants or the option are those which are contained in the exhibits. As the statements alleged to have been made by the defendant referred to the "covenants of his said leases and his rights thereunder," it was necessary to aver facts sufficient to show whether he had any rights, or whether there were any covenants to be violated or broken. The exhibits attached to the complaint are made a part thereof only for the purpose of identifying the lands referred to, and do not satisfy this requirement of pleading. Argumentative pleading is no more permissible under the code than it was at common law. Matters of substance must

be alleged in direct terms, and not by way of recital or reference, much less by exhibits merely attached to the pleading. Whatever is an essential element to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint. (*Los Angeles* v. *Signoret*, 50 Cal. 298.)

The only property to which the plaintiff alleges that he had any title is the leasehold interest and option to purchase. He does not allege that the defendant denied his title to this property, but charges him only with disparaging certain rights which the complaint does not allege that he possessed. The allegation that the defendant had stated that he would not sell the lands described in the leases cannot be regarded as any slander of his title, even if the complaint had shown any right to make a purchase from the defendant. The plaintiff, moreover, does not allege that Sketchley was informed of this declaration of the defendant.

3. The complaint also fails to show that the special damage alleged to have been sustained by the plaintiff is the natural and direct result of the statements and declarations made by the defendant. This action is governed by the same rule that obtains in the ordinary action of slander; viz., that if the words are not actionable in themselves, the originator of the slander is only liable for such damage as is the direct and natural result of his act, and that he is not liable for the subsequent repetition of those words by another, without his direction or authority. (Folkard's Starkie on Slander and Libel, sec. 642; Addison on Torts, 795; *Parkin* v. *Scott*, 1 Hurl. & N. 153; *Ward* v. *Weeks*, 7 Bing. 211; *Terwilliger* v. *Wands*, 17 N. Y. 54; 12 Am. Dec. 420; *Gough* v. *Goldsmith*, 44 Wis. 262; 28 Am. Rep. 579; *Hastings* v. *Stetson*, 126 Mass. 329; 30 Am. Rep. 683.) This is but the application of the general rule that when special damages are to be recovered, they must be the legal and natural consequence

arising from the tort itself, and not from the wrongful act of a third party, remotely induced thereby. (*Crain* v. *Petrie*, 6 Hill, 524; 41 Am. Dec. 765.) The only special damage which the plaintiff has alleged is, that Sketchley was informed of the statements and declarations made by the defendant, and withdrew his offer to purchase, and that the plaintiff thereby sustained damage. It is not alleged that the defendant ever made any statement or declaration to Sketchley, or in his presence, or that he directed or authorized any of his statements to be communicated to him, nor is it alleged that either of the persons to whom the defendant made such statements repeated them to Sketchley, or by whom or in what manner Sketchley "was informed" of the statements. The only connection between the statements by the defendant and their reaching Sketchley is, that the defendant made them for the purpose of circulating the *rumor* and conveying the *impression* that the plaintiff had violated the covenants and conditions of his leases. This, however, is too remote to render the defendant liable.

We are of the opinion that the complaint fails to state a cause of action, and that the demurrer was properly sustained, and the judgment is therefore affirmed.

PATERSON, J., and GAROUTTE, J., concurred.