[S. F. No. 2879.   Department Two.—August 8, 1902.] ·

In the Matter of the Estate of JOHN COOK (otherwise known as GIOVANNI CUOCO), Deceased. GAETANO CUOCO et al., Appellants, v. JOHN A. DRINKHOUSE, Administrator, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—SALE OF REAL ESTATE—INSUFFICIENT PETITION—FAILURE TO STATE VALUE—ABSENCE OF FINDING—DIRECT ATTACK UPON APPEAL—COLLATERAL ATTACK.—A petition for the sale of real estate of a decedent merely alleging that the land "is unimproved desert land," and that "it is situate in McKittrick District, and is chiefly valuable for the possibility that it may contain petroleum," without either stating its value or that its value could not be ascertained, and which is unaided by any direct finding of value, is substantially defective as against a direct attack upon appeal from the order of sale, although it be assumed, without deciding, that the recitals of the order would protect a purchaser under a confirmed sale, as against a collateral attack thereupon.

ID.—PLEADING—GENERAL REFERENCE — MATTER OF SUBSTANCE—AIDER OF AVERMENT.—A mere allegation that a true inventory was returned, and a general reference to papers on file in the clerk's office and the records of the court, cannot supply the place of the omitted allegation of the matter of substance of the value of the land sought to be sold. Matter of substance must be alleged in direct

terms, and not by way of recital or general reference, and when omitted cannot be left to inference from the construction of a document, even if attached as an exhibit, though a defective allegation may be aided by express reference to a document for that avowed purpose.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the sale of the real property of a deceased person.   George H. Bahrs, Judge.

The facts are stated in the opinion.

R. E. Houghton, and Timothy J. Lyons, Emilio Lastrato, and T. J. Crowley, for Appellants.

A. Ruef, for John A. Drinkhouse, Administrator, Respondent.

G. Gunzendorfer, for Henry Bohls, Purchaser, Respondent.

HAYNES, C.—This appeal is from an order of the superior court directing the sale of real property belonging to the estate of said John Cook (otherwise known as Giovanni Cuoco), deceased.   The appellants are those who would succeed to his estate.

The ground upon which a reversal is urged is, that the petition upon which the order was based does not comply with the requirements of section 1537 of the Code of Civil Procedure, in that the value of the real estate sought to be sold was not stated in the petition, and it was not alleged that its value could not be ascertained.

Said section of the code provides that the petition shall contain, among other things, " a general description of all the real property of which the decedent died seised, or in which he had any interest, or in which the estate has acquired any interest, and the condition *and value thereof.*"

The only real estate of which the decedent died seised consisted of one hundred and sixty acres of land in Kern County, and the petition alleged:  " That said land is unimproved desert land.   It is situate in the McKittrick District, and is chiefly valuable for the possibility that it may contain petroleum."

Respondents, while not admitting that the statement in the petition relating to the *value* of the land is not a sufficient

compliance with the requirements of the code in that regard, insist that the alleged insufficiency of the petition is cured by the recitals in the order of sale, pursuant to that further provision of said section 1537 which reads as follows:—

" If any of the matters herein enumerated cannot be ascertained, it must be so stated in the petition; but a failure to set forth facts hereinbefore enumerated will not invalidate the subsequent proceedings if the defect be supplied by the proofs at the hearing and the general facts showing that such sale is necessary or that such sale is for the advantage, benefit, and best interests of the estate and those interested therein be stated in the decree."

The proceeding in the superior court directing the sale of real estate by an administrator for the payment of debts and expenses of administration is statutory. The statute prescribes the purposes for which the sale may be made, what facts shall be stated in the petition, what notice shall be given of the hearing, how witnesses may be compelled to attend and testify, and what facts shall be made to appear to the satisfaction of the court. In acting upon such petition the superior court is still a court of general jurisdiction, and its action thereon is entitled to the same presumptions that attach to its action in other cases, when collaterally attacked. (*Burris* v. *Kennedy,* 108 Cal. 338.) But its proceedings in such cases are subject to review and reversal as in other cases, upon a direct attack made by appeal from an order directing the sale, and upon such review any substantial departure from the statutory requirements compels a reversal; the distinction being that upon collateral attack the proceeding will be sustained, and the purchaser's title held good, unless it appears that the court did not acquire jurisdiction to order the sale; while upon direct attack by appeal from the order it may be reversed for error, though the court had jurisdiction.

The petition was clearly defective. It did not state the value of the property, nor did it comply with that provision of section 1537 of the Code of Civil Procedure which requires that " If any of the matters here enumerated cannot be ascertained, it must be so stated in the petition."

But it is contended that the defects in the petition as to the value of the land are cured by the order of sale, pursuant to the provision in said section, hereinbefore quoted, authoriz-

ing defects in the petition to be supplied by proofs at the hearing.

In the decree or order of sale it is recited that " The court heard and examined all of the allegations and proofs of said petition which were of all said matters which are required to be stated in a petition for an order of sale of real property according to the provisions of section 1537 of said Code of Civil Procedure, and the evidence heard in support of the allegations of this petition. No person interested in said estate appeared to oppose said application, and from the proofs made it appeared to the satisfaction of the court that a sale of said real property is necessary to pay the debts, expenses, and charges of administration of said estate, and that said sale is for the advantage, benefit, and best interests of said estate and of those interested therein. It is therefore ordered," etc.

Assuming, without deciding, that if a sale had been made and confirmed under said order that it would have been held valid upon a collateral attack, it would not follow that it should be held valid when directly attacked upon appeal. Such proceedings are no more exempt from the corrective power of an appellate court than others, and, except as otherwise specially provided, the practice in probate proceedings, including sales and conveyances of the real estate, is the same as in other civil cases. It is clear that if a general demurrer had been interposed to the petition before the order appealed from was made, it must have been sustained, as in cases of complaints obnoxious to such demurrer, and in the latter case the fact that the defendants made default, and that judgment had been entered upon it as though the complaint were sufficient, would not prevent its reversal upon appeal. Upon appeal from the order of sale, it cannot be sustained in the absence of a sufficient petition any more than a judgment in an ordinary civil action can be sustained upon appeal therefrom if no cause of action be stated in the complaint.

In *Gharky* v. *Werner*, 66 Cal. 388, the petition described ten parcels of real estate, and due notice was given of the hearing, and on the day so fixed the executor moved for leave to amend the petition by adding another parcel, and it was so amended, and thereupon an order of sale was made without further notice, and that order was appealed from. It was

held error to make the order without further notice, and that the court should have treated it as a new petition and proceeded *de novo*. (See, also, *Wilson* v. *Hastings,* 66 Cal. 243.) In *Witter* v. *Bachman,* 117 Cal. 318, it was held that the amendment of a complaint in matter of substance after the entry of a default has the effect to supersede the original complaint and to open the default. Leaving out of consideration for the moment the curative clause of said section, it would appear to be plain that the petition being insufficient there was no basis for the order directing notice to be given of the hearing, nor for supplying the defects of the petition in the order of sale, as there would appear to be no appreciable difference between supplying the defects of the petition by amendment, and, in effect, doing the same thing upon the hearing in the order of sale, for as to the new, or amendatory, facts at least, the appellants were without notice. They were not required to appear and object to an insufficient petition, even if it be conceded that they were legally notified of its pendency.

Recurring now to the curative clause of said section, it must be obvious that appellants could not be affected on this appeal from the order by evidence of material facts not alleged in the petition, and of which they had no notice, and without which no valid order could have been made. In *Estate of Smith,* 51 Cal. 563, 565, it is said: '' In the petition filed in this case the condition of the property is not stated, and in this respect the petition is substantially defective; the provision found in the statute (sec. 1537, *supra*), that a failure to set out the necessary facts in the petition will not invalidate the subsequent proceedings if the defects be supplied by proof at the hearing and stated in the decree, does not aid the respondents. The provision of the statute has no applicability to a petition, the insufficiency of which is directly attacked by general demurrer in the probate court, or by objection to its sufficiency taken upon appeal from the order of sale.'' In *Estate of Boland,* 55 Cal. 310, 315, *Estate of Smith,* 51 Cal. 563, 565, is cited approvingly. It is there said: '' The verification of the petition, the description of the property, its condition, value, and character, are jurisdictional facts which must affirmatively appear in a verified petition before a probate court can make any valid order for a sale

of the real property of an estate to pay debts. These are the essence of the petition, without which it has no legal existence. The petition is the commencement of a distinct proceeding in the nature of an action; without it the court acquires no jurisdiction to order the sale, for the jurisdiction for that purpose depends upon the averments of such a petition." *Kertchem* v. *George,* 78 Cal. 597, was an action against the purchaser at an administrator's sale for a specific performance of his contract of purchase. The petition alleged that the land was " an unperfected claim under the homestead laws of Congress " to certain lands described only by the public survey. " It was not stated what it was worth, whether it was improved or unimproved, productive or unproductive, occupied or vacant, and the like." The order was held void, and specific performance denied.

It is contended by respondents that it has long been settled that a substantial compliance with section 1537 is sufficient (citing *Stuart* v. *Allen,* 16 Cal. 501;[1] *Richardson* v. *Butler,* 82 Cal. 174;[2] *In re Arguello,* 85 Cal. 151.) The first two of these cases were actions to quiet title, and therefore the attack was collateral. In the last of those cases the defect in the petition was the failure to state whether the real property was separate or community. But it was said that that defect was remedied by the fact stated in the order directing the sale, that it was separate property. Whatever may be said of that case, there is this distinction to be taken between it and the case before us,—viz., that there the order showed a distinct finding of the omitted fact, while here there is none.

In *Estate of Heydenfeldt,* 127 Cal. 456, written objections were filed in the court below. These objections are not stated in the opinion, but it is said that a substantial compliance with the statute is sufficient, and with that statement we agree. *Burris* v. *Kennedy,* 108 Cal. 338, also cited by respondents, was an action to quiet title, and the attack was therefore collateral. In the latter case of *In re Byrne,* 112 Cal. 176, 178, it is said: " The sufficiency of the petition is the basis of the order of sale, and upon a direct appeal from this order, if the petition is defective in any of these statutory requirements, it is fatal to the validity of the order."

It is further contended by respondents that the sufficiency

---

[1] 76 Am. Dec. 551.          [2] 16 Am. St. Rep. 101.

of the petition must be determined by the circumstances of each case; that here a sale is shown to be necessary for the payment of debts and expenses of administration, and as the estate consists of a single parcel of real property, a court would require less particularity in the petition than where there were several pieces of property. But assuming the correctness of this statement, it does not aid the respondents. The land is described in the petition as the north half of the south half of a designated section, containing one hundred and sixty acres, and that it is unimproved. It is obvious that it is capable of many subdivisions without injury, while a single parcel is one that cannot be divided without loss or injury. For aught that appears in the record a ten-acre lot taken from either corner of the tract would bring in the market ten times the amount required, and if so, it is clearly important that the court should be informed of the value, and that the quantity to be sold be restricted to the requirements of the estate; or if, on the other hand, the value is so little that the whole would not produce more than the expenses of sale, it is equally clear that a sale should not be ordered. Reason and justice require that the value should be alleged and shown, even if we were at liberty to disregard the positive requirement of the statute.

But respondents further contend that an inventory and appraisement of all the estate was made, and that that fact was alleged in the complaint. The allegation is, that on a day named "your petitioner duly made and returned to this court a true inventory and appraisement of all the estate of said deceased which has come into his possession or knowledge; that your petitioner has published notice to the creditors of said decedent as required by law and the order of this court in the premises to present their claims against the deceased, all of which will more fully appear by reference to the papers on file in the clerk's office herein and to the records of the court in the matter of said estate, to which reference is hereby made."

" Matters of substance must be alleged in direct terms, and not by way of recital or reference, much less by exhibits merely attached to the pleading. Whatever is essential to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construc-

tion of a document attached to the complaint." (*Burkett* v. *Griffith*, 90 Cal. 532;[1] *Hibernia S. & L. Soc.* v. *Thornton*, 117 Cal. 481; *City of Los Angeles* v. *Signoret*, 50 Cal. 298.) This general rule is applied with equal force and propriety to petitions for the sale of real estate to pay debts and expenses of administration. (See *Townsend* v. *Gordon*, 19 Cal. 189, 207, 208.) In *Stuart* v. *Allen*, 16 Cal. 473,[2] cited by respondents, the reference to the inventory was, in terms, for description, and for condition and value, and the action was to quiet title. Here in the reference to the inventory there was no mention of the land, and the validity and sufficiency of the petition is directly in issue on appeal from the order. In *Wilson* v. *Hastings*, 66 Cal. 243, the action was ejectment. It is said (p. 246) : "In the case before us, the reference in the petition to the inventory was, in the language of the petition, 'for greater certainty,' without stating for what the reference was made—whether for description, or value, or condition''; and the reference was held insufficient to incorporate the inventory as part of the petition.

We regard the rule as well settled that a necessary allegation in a complaint or petition must be distinctly averred in the complaint or petition, and if omitted it cannot be supplied by a reference to an exhibit; but if the allegation be defective it may be aided by an express reference to an exhibit for that avowed purpose. Thus tested, the reference to the inventory in this case is wholly unavailing to supply the want of an allegation of value.

I advise that the order appealed from be reversed and the petition dismissed.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the petition dismissed.

Henshaw, J., Temple, J.

McFARLAND, J., concurring.—I concur in the judgment of reversal on the ground that the court in its decree does *not* find the value of the property. The opinion of the commissioner seems to hold that *no* defect or insufficiency in the

---

[1] 25 Am. St. Rep. 151.          [2] 76 Am. Dec. 551.

petition for sale can be remedied under section 1537 of the Code of Civil Procedure by proofs at the hearing and findings by the court. If the opinion be susceptible of that construction, I could not concur in it.