[S. F. No. 4294.    Department One.—April 11, 1906.]

SANTA ROSA BANK, Respondent, v. B. W. PAXTON and CHARLES E. PAXTON, Executors of Will of Hannah E. Paxton, Deceased. CHARLES E. PAXTON, Appellant.

PROMISSORY NOTES — ACTION AGAINST EXECUTORS—PLEADING—EXECUTION UNDER POWER OF ATTORNEY—EXHIBIT.—A complaint in an action against executors upon notes alleged to have been executed by the deceased testatrix in her lifetime by her attorney in fact under a power of attorney alleged to have been executed and delivered by her to the attorney in fact, which said power of attorney

was alleged to be attached to the complaint as an exhibit and made part thereof, and which shows on its face the authority to execute the notes in the name, place, and stead of the principal, states a cause of action, and is not demurrable on the ground that the power of attorney is not set forth in the body of the complaint.

ID.—PLEADING OF INSTRUMENTS.—An instrument upon which a cause of action is founded may be pleaded either by setting forth its substance according to its legal effect, or by incorporating a copy in the body of the complaint, · or by attaching thereto by ·a proper reference a copy of such instrument, as the pleader may choose; and · if the allegation is defective as to any other instrument it may be aided by an express reference to an exhibit for that avowed purpose.

ID.—CONSENT TO OVERRULING OF DEMURRER—WITHDRAWAL.—The consent of a defendant to the overruling of a demurrer to the complaint is equivalent to a withdrawal of the demurrer.

ID.—ISSUE AS TO AUTHORITY—PRESUMPTION UPON APPEAL.—Where such defendant after consenting to the overruling of his separate demurrer filed a separate answer taking issue upon the execution of the notes and upon the authority from the deceased to execute them, and upon the trial had an opportunity to present upon the merits his claim that the notes were executed without authority, it must be presumed upon appeal from the judgment that he did so and that the court correctly decided against him on that point upon the evidence.

ID.—FRIVOLOUS APPEAL—DAMAGES.—The appeal upon the bare judgment-roll under such circumstances is devoid of substantial grounds, and the judgment will be affirmed, with costs and damages to insure the respondent against expense upon such appeal.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

Bishop, Wheeler & Hoefler, for Appellant.

J. R. Leppo, for Respondent.

James W. Oates, and A. B. Ware, for B. W. Paxton, Executor.

SHAW, J.—This appeal is taken from the judgment, by the defendant Charles E. Paxton, and is presented upon the judgment-roll alone. The appellant has no apparent interest in the case, except as one of the executors of the will of Hannah H. Paxton, deceased. His appeal purports to be taken by him in his

individual capacity, but as the respondent makes no objection on the ground of want of interest in the appellant, we have considered the appeal as if it were taken by him as executor.

The complaint states a cause of action to recover judgment upon four promissory notes, executed to the plaintiff by the deceased in her lifetime, and to foreclose a lien upon certain personal property pledged as security for the payment of the notes. Each note is copied in full in the body of the complaint, and it is alleged, with respect to each, that the deceased ''by and through her attorney in fact, B. W. Paxton, made, executed, and delivered to the said plaintiff herein,'' the said note. Concerning the authority of the attorney in fact to execute the notes it is alleged that the deceased ''made, executed and delivered to B. W. Paxton an instrument and power of attorney whereby the said Hannah H. Paxton authorized and empowered the said B. W. Paxton as her attorney in fact, and to appear and act as and for the said Hannah H. Paxton in her affairs and business transactions, in accordance with the terms and conditions set forth and the authority given by said instrument and power of attorney . . . . which said instrument and power of attorney is hereunto annexed and referred to and marked Exhibit 'A,' and made a part of this complaint.'' The power of attorney is annexed to the complaint as stated. It is not ambiguous in its terms, and is in all respects sufficient to empower B. W. Paxton, for and in the name, place, and stead of Hannah H. Paxton, to execute the notes sued on.

The only objection now offered to the complaint is that there is no allegation therein that B. W. Paxton was authorized to execute, as the attorney in fact of Hannah H. Paxton, the notes sued upon. The point urged is that in such a case the allegation of authority must be made in the body of the complaint, and cannot be made by a reference to an exhibit attached thereto and made a part thereof.

The purpose of a pleading is to inform the opposite party of the facts on which the pleader will rely as constituting his action or defense. It is difficult to perceive how the defendant could be given more explicit and satisfactory information on that subject than by the method adopted by the plaintiff in this case. If it deserves criticism at all it is upon the

ground that it commits the fault of pleading the evidence rather than the facts. The simple allegation that the defend- ant made, signed, and delivered the notes would have served to state a cause of action, so far as that fact is concerned, and to let in evidence showing that the signing and delivery was by an attorney in fact thereunto duly authorized. By the method adopted the defendants were not only apprised of the facts alleged against them, but also of the nature of the evidence by which such facts would be proven. The plaintiff has more than performed its duty to the defendant in this regard.

The rule that a written instrument upon which a cause of action is founded may be pleaded either by setting forth its substance according to its legal effect, or by incorporating a copy in the body of the complaint, or by attaching thereto, by a proper reference, a copy of such instrument, as the pleader may choose, is thoroughly established in this state. (*Stoddard* v. *Treadwell,* 26 Cal. 303; *Murdock* v. *Brooks,* 38 Cal. 603; *Joseph* v. *Holt,* 37 Cal. 253; *Hallock* v. *Jaudin,* 34 Cal. 175; *Lambert* v. *Haskell,* 80 Cal. 613, [22 Pac. 327] ; *Ward* v. *Clay,* 82 Cal. 505, [23 Pac. 50, 227] ; *Whitby* v. *Rowell,* 82 Cal. 635, [23 Pac. 40, 382] ; *Savings Bank* v. *Burns,* 104 Cal. 476, [38 Pac. 102] ; *Georges* v. *Kessler,* 131 Cal. 185, [63 Pac. 466] ; *Estate of Cook,* 137 Cal. 191, [69 Pac. 968].)

It may be that this rule is not so well settled with respect to instruments which are made a part of the complaint by refer- ence and attached as exhibits, but which do not constitute the contract upon which the complaint is founded. With respect to such instruments, however, the rule is said to be that ''if the allegation be defective it may be aided by an express reference to an exhibit for that avowed purpose.'' (*Estate of Cook,* 137 Cal. 191, [69 Pac. 968].) This case comes precisely within the rule. Conceding that any reference to the power of attor- ney was necessary at all in view of the allegation that the notes were executed, the most that could be claimed with re- spect to the allegation as to the authority of the agent to exe- cute them, is that it is defective in form. This defect was absolutely removed by the reference to the power of attorney which was attached as an exhibit, and which showed beyond controversy that the maker of the notes did thereby authorize B. W. Paxton to execute the same as her agent.

The appellant relies on the two cases of *Los Angeles* v. *Signoret,* 50 Cal. 298, and *Burkett* v. *Griffith,* 90 Cal. 532, [25 Am. St. Rep. 151, 27 Pac. 527]. These decisions do not sustain his contention. The decision in *Los Angeles* v. *Signoret,* 50 Cal. 298, was fully explained and distinguished in *Ward* v. *Clay,* 82 Cal. 505, [23 Pac. 50, 227], and *Lambert* v. *Haskell,* 80 Cal. 613, [22 Pac. 327]. In *Burkett* v. *Griffith,* 90 Cal. 532, [25 Am. St. Rep. 151, 27 Pac. 527], which was a case of slander, certain leases were attached to the complaint and were referred to therein only for the purpose of identifying certain land by the descriptions therein contained. It was held that these exhibits could not be used to supply the place of a proper allegation in the body of the complaint concerning the terms of the covenants contained in the leases. They were not made a part of the complaint for that purpose. Here the exact contrary appears. The power of attorney was made a part of the complaint for the express purpose of aiding the allegation in so far as it failed to state the legal effect of the instrument, and it comes clearly within the rule as stated in *Estate of Cook,* 137 Cal. 191, [69 Pac. 968].

We cannot discover in the record any occasion for this appeal. The appellant filed a separate demurrer to the complaint, based on the ground that the complaint did not express facts sufficient to constitute a cause of action. This, of course, presented there the point now contended for here. He, however, consented that this demurrer should be overruled, and it was done accordingly. This was equivalent to a withdrawal of the demurrer, and he can present the point now only by reason of the rule of law that such an objection is not waived by a failure to demur. He thereupon filed a separate answer denying the execution of the notes by the deceased, either through the attorney in fact or at all, and alleging that they were executed in her name by said B. W. Paxton without any authority from her so to do. He thus himself put in issue the precise fact which he now contends was not well pleaded. Upon this as the sole issue in the case, he went to trial, and after the evidence thereon was introduced he waived findings without preserving the evidence in the record by bill of exception or otherwise. Thereupon, he waited until all but four days of the six months allowed for appeal had expired, and

then instituted this appeal upon the bare judgment-roll. Upon the trial he had the opportunity to present upon its merits his claim that the notes were executed without authority and we must presume that he did so and that the court correctly decided against him on that point. It appears, therefore, not only that his objection that the pleading did not properly aver the execution of the note is not well taken, but also that he himself presented the same issue in his answer, that it has been decided against him, and that he virtually concedes that this decision was correct upon the evidence. The respondent should be put to no expense by an appeal so fruitless and devoid of substantial grounds. (*Whitby* v. *Rowell*, 82 Cal. 635, [23 Pac. 40, 382].)

The judgment is affirmed, with costs and one hundred dollars damages.

Sloss, J., and Angellotti, J., concurred.