[Civ. No. 5282. First Appellate District, Division Two.—February 23, 1926.]

SOLOMON ALLMAN, as Administrator, etc., et al., Respondents, v. SOLOMON V. RICH, Appellant.

[1] SPECIFIC PERFORMANCE—CONTRACTS—PLEADING LEGAL EFFECT.—In an action to impress a trust on certain real property alleged to have been purchased by the defendant with funds furnished by the plaintiffs under the terms of a written contract, the plaintiffs may plead said contract by setting forth its substance according to its legal effect.

[2] ID. — INTENT OF PARTIES — CERTAINTY OF TERMS — STATUTE OF FRAUDS—EVIDENCE—EQUITY.—Where the complaint in such action is, in effect, one to compel specific performance of a contract relating to said real property, the plaintiffs must prove either that the contract was in writing or that it had been partially performed, and that the contract, whether written or oral, contained all the material terms expressed in a sufficiently definite manner; and unless the meaning and intent of the parties can be placed beyond the bounds of mere conjecture by full and clear proof, a court of equity cannot enforce its provisions.

[3] ID.—EVIDENCE—FINDINGS—JUDGMENT—APPEAL—RETRIAL.—On this appeal from a· judgment in favor of the plaintiffs in such action, it was impossible for the appellate court to say from the record, and particularly in view of conflicting findings, how much land the plaintiffs agreed to take, or from what portion of a certain large tract said land was to be taken; and, in reversing the case, the appellate court directed that on a retrial of the case care should be taken to determine with exactness the actual agreement which the parties made.

(1) 31 Cyc., p. 65, n. 44.    (2) 36 Cyc., p. 587, n. 75, p. 588, n. 76, p. 689, n. 42, p. 784, n. 15 New.    (3) 36 Cyc., p. 784, n. 15 New.

APPEAL from a judgment of the Superior Court of Riverside County.   G. R. Freeman, Judge.   Reversed.

The facts are stated in the opinion of the court.

Adair & Winder and R. J. Welch, Jr., for Appellant.

Duke Stone for Respondents.

1.   See 6 Cal. Jur. 479.
2.   See 23 Cal. Jur. 490.

NOURSE, J.—Morris Allman and Bernard Altman commenced this action to impress a trust on certain real property alleged to have been purchased by the defendant with funds furnished by the plaintiffs. Morris Allman has since deceased and the action has been prosecuted by his administrator. Judgment went for the plaintiffs, from which the defendant appeals on typewritten transcripts.

In their complaint the plaintiffs alleged that on October 5, 1920, each of the plaintiffs entered into a contract in writing with the defendant in the same form, substance, and tenor by which it was agreed that the defendant should purchase the land in suit on behalf of himself and the two plaintiffs, the interest of each to be an undivided interest in proportion to the amount paid by each, and that each of the plaintiffs was to furnish defendant the sum of $1,500 for that purpose; that each of the plaintiffs, on the execution of his contract paid the defendant $1,500. It is then alleged that at the time of the execution of the contract the defendant represented to each of the plaintiffs that he was purchasing the land from the Southern Pacific Railway Company at the price of $15 an acre, while in truth he paid but $3.90 an acre therefor; that defendant thereafter deeded to each of the plaintiffs 100 acres of said land and retained for himself about 400 acres thereof; that the entire purchase price of said lands was furnished by plaintiffs and that no part thereof was paid out of the funds of defendant. Appropriate denials were made in the answer and the cause went to trial on the issues thus framed.

[1] The plaintiffs followed one of the approved forms of pleading an action upon a written contract: "by setting forth its substance according to its legal effect." (*Santa Rosa Bank* v. *Paxton,* 149 Cal. 195, 198 [86 Pac. 193].) The contracts were not attacked for fraud, mistake, misrepresentation, or on other equitable grounds and no revision or reformation of the contracts was sought. The allegations of fraud and misrepresentation go only to the alleged breach of that portion of the alleged contracts by which it was claimed that the defendant agreed to convey to each of the plaintiffs an undivided interest in the lands in proportion to the amount paid by each, but that, having falsely represented to them the cost of the lands, had conveyed to them but 100 acres each. The plaintiffs do not claim that the

defendant, while occupying a station of trust and confidence, had overreached his position, or that they had suffered any damage because the property was not worth what they paid for it, or because the defendant had done any act to their injury. They do not repudiate their written contracts as they allege them to be, but, relying upon them, ask for their specific performance.

On the trial of the case the plaintiffs did not offer the alleged written contracts in evidence, made no offer of proof that they had ever been executed, and made no pretense that they had been lost or destroyed. Their case consisted of oral evidence of the conversations and negotiations had by the parties prior to the execution of the alleged written contracts which evidence tended to show that the parties orally agreed in the same terms as the complaint alleged they contracted in writing. All this evidence was offered over the objections of defendant, who subsequently put in evidence two written contracts executed by the parties at the time alleged in the complaint, but which were materially different from those alleged. The situation is that the plaintiffs sued upon allegations that two written contracts were executed, proved that they were not, and then recovered upon them.

The difference between the parties is this: The plaintiffs alleged that the parties agreed in writing that the defendant should purchase from the Southern Pacific Railway Company a tract of land, describing it, and which consisted of 628.88 acres, and that the defendant agreed to transfer to them an undivided interest in said tract in proportion to the amount paid by each. The defendant answered that he had arranged for the purchase of the south half only of said tract, consisting of 314.44 acres; that he had paid to the Southern Pacific Company the purchase price thereof on October 1, 1920, but that a few days thereafter he was informed by the railway company that it would not sell the south half of said tract, but that it would be necessary for him to buy the entire tract of 628.88 acres and that the money already paid would be accepted on account of the purchase of the entire tract. He then denied that the parties had ever agreed that the interest of the plaintiffs therein should be in proportion to the amount paid by each. It was then specifically alleged that the parties had on different dates separately entered into a contract to buy an undivided 100 acres of said land from the defendant for the sum of $1,500.

The undisputed proof is that the written contracts as alleged in the complaint were never executed, but that on October 5, 1920, the plaintiff Altman and on November 5, 1920, Morris Allman each entered into a contract in writing with the defendant, both of the same tenor and effect, wherein it was recited that the defendant had purchased the entire tract of land and that the second party (one of the plaintiffs) was purchasing from the defendant an undivided 100 acres of said land for the sum of $1,500, the payment of which was therein acknowledged. The purpose of these agreements seems to have been to satisfy the purchasers as to their interest in the land while the defendant was completing the purchase from the Southern Pacific Company. For this purpose it was agreed that the defendant should execute his quitclaim deed to an undivided 100 acres of said land to each of the purchasers and that they were to hold these deeds in escrow until the defendant had obtained a warranty deed from the Southern Pacific Company, and that when the defendant's title to the land was clear he should execute to each of them a deed conveying 100 acres to each, which should thereupon be recorded. It further appears that these deeds were duly executed and delivered and recorded some time in February, 1921.

The trial court found that on or about October 5, 1920, the parties entered into "an agreement" (not written contract as alleged in the complaint), whereby the defendant agreed to purchase the land described in the complaint for the three parties as a joint adventure at the price of $15 an acre and "the interest of each to be an undivided interest in proportion to the amount paid by each in cash . . . and that said Bernard Altman and Morris Allman should receive each an undivided 100 acres of the above described lands." There is a hopeless conflict in these findings. If the plaintiffs were to each receive an undivided 100 acres of the tract they have no complaint so far as the transfer is concerned, as it is conceded that they each received and recorded their deeds to that acreage and hold the undisputed title thereto. On the other hand, if the agreement called for a division in proportion to the amount paid by each it is apparent they were entitled to more than the 100 acres which they have received. The confusion seems to have come from the fact that the preliminary arrangements were made on the basis of the

contemplated purchase by the defendant of a tract of land consisting of 314.44 acres. When, therefore, the defendant promised to each of the plaintiffs that he would transfer to each of them an undivided 100 acres of the tract he would have retained for himself about 114 acres and thus each of the three parties would have owned approximately one-third of the entire tract. All the evidence of conversations between the parties relating to the contemplated purchase occurred prior to October 1st, when for the first time the defendant learned that it would be necessary for him to buy the entire tract of 628.88 acres.

There is a complete failure of the proof to correspond with the allegations of the complaint. [2] Treating the action as one for the specific performance of a contract relating to real property it was necessary to prove (1) either that the contract was in writing or that it had been partially performed (sec. 1741, Civ. Code), and (2) that the contract, whether written or oral, contained all the material terms expressed in a sufficiently definite manner. Unless the meaning and intent of the parties can be placed beyond the bounds of mere conjecture by full and clear proof a court of equity cannot enforce its provisions. (*Reymond* v. *Laboudigue,* 148 Cal. 691, 694 [84 Pac. 189] ; *Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 Pac. 610].) [3] It is impossible to say from the record before us, and particularly in view of the conflicting finding, whether the plaintiffs agreed to take an undivided one-third interest in the 314.44 acres; whether they agreed to take a proportion of 628.88 acres equal to the amount paid by them or whether they agreed to take but 100 acres, and, if so, whether this acreage was to come from the south half of the entire tract or from any portion thereof which the defendant elected to convey to them. Because of these uncertanties the case comes squarely within the rule of *Buckmaster* v. *Bertram, supra,* and on a retrial of the case care should be taken to determine with exactness the actual agreement which the parties made.

Judgment reversed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 22, 1926.