[Civ. No. 5567. First Appellate District, Division Two.—November 5, 1926.]

PHOEBE A. WATSON, Respondent, v. JOHN H. FISHER, Appellant.

[1] CONTRACTS—CONVEYANCE OF REAL PROPERTY—SPECIFIC PERFORMANCE — UNCERTAINTY — INCOMPETENT EVIDENCE.—A written contract to convey real property will not be enforced by a court of equity unless the writing contains all the material terms expressed in a sufficiently definite manner; and where the writing is so indefinite and uncertain in its terms that it requires incompetent testimony to make it certain, it is not such a contract as may be specifically enforced.

1. See 23 Cal. Jur. 429; 25 R. C. L. 218.

[2] ID. — COMMON MEANING OF WORDS — PAROL EVIDENCE. — When
words of a doubtful meaning are used in a writing, parol evi-
dence is admissible to show the common meaning of the words
used, but it is not admissible to show the private understandings
of the parties as to the meaning of such words.

[3] ID.—NAME OF LAKE—INCLUSION OF INLETS—PAROL EVIDENCE—
TENDER.—In this action to compel specific performance of a
written contract to convey real property, the writing having pro-
vided that the property to be conveyed should abut on "Bear
Valley Lake," and all the evidence having shown without con-
flict that this was the commonly accepted name applied to all
the waters impounded by a certain dam, including certain inlets
or indentations in the shore line which had been given special
names, parol evidence of the private negotiations of the parties
was not admissible to prove that, by the expression "Bear Val-
ley Lake," they meant the "main body" of the waters of the
lake, and the trial court was required to find that said expres-
sion referred to the whole body of water; and a tender by de-
fendant to plaintiff of a deed conveying a lot of the requisite
size and frontage, abutting on one of the inlets, was in accord
with the obligation of his contract.

(1) 36 **Cyc.**, p. 587, n. 75, p. 588, n. 76.   (2) 22 **C. J.**, p. 1199,
n. 46, p. 1208, n. 19.   (3) 22 **C. J.**, p. 1199, n. 46.

APPEAL from a judgment of the Superior Court of San
Bernardino County.   G. R. Freeman, Judge.   Reversed.

The facts are stated in the opinion of the court.

Leonard, Surr & Hellyer for Appellant.

A. Heber Winder for Respondent.

NOURSE, J.—Plaintiff sued for specific performance of a
written contract to convey real property.   From the judg-
ment in plaintiff's favor the defendant has appealed on the
judgment-roll and a bill of exceptions.

Plaintiff owned an undivided one-fifth interest in a tract
of land in Bear Valley, San Bernardino County, adjoining
Bear Valley Lake and known as the "North Estate" land.
On July 30, 1918, plaintiff agreed in writing to convey to
one Waterman her entire interest in said land with the condi-

**2.**  See 10 **Cal. Jur.** 939; 10 **R. C. L.** 1070.

tion expressed in the agreement that Waterman would convey to plaintiff "a one acre lot, abutting on Bear Valley Lake and always having access to the margin of said Lake and forming a part of the real property hereinbefore described." It was further agreed that if the lot tendered to plaintiff was not satisfactory to her Waterman would pay her the sum of five hundred dollars. On August 7, 1918, plaintiff conveyed her interest in the property to Waterman in accordance with this agreement and on October 20, 1919, Waterman conveyed to defendant, who expressly assumed Waterman's obligation to convey the one-acre lot to plaintiff. Thereafter defendant subdivided the property into lots and on May 25, 1922, tendered to plaintiff a deed of a lot which, it is agreed, met the conditions of the contract as to area and frontage. The plaintiff refused to accept the deed because the lot was located on North Bay, an inlet of Big Bear Lake, and did not abut the deep water of the lake as she desired. Defendant then tendered her the sum of five hundred dollars, which she also refused.

Big Bear Lake is an artificial lake in Bear Valley in which the water is held by a dam of about seventy-two feet in height. It is irregular in shape and some of the indentations in the shore line have been given special names, such as Metcalf Bay and North Bay. When water is drawn from the reservoir for summer irrigation the water line naturally recedes, and, to meet this condition, the defendant acquired from the owners of the reservoir the right to cross the uncovered land to gain access to the water. This right was passed on to the purchasers of the adjoining lots and was contained in the deed tendered to the plaintiff. The land purchased by the defendant is located on what is called a peninsula projecting into the Big Bear Lake and bounded on the east by Metcalf Bay and on the west by North Bay.

The whole controversy between the parties is this: The plaintiff claims that before executing the written agreement with Waterman she had a private understanding with him that the lot which was to be conveyed to her was to abut on the deep water of the lake proper, whereas the lot tendered to her by the defendant abuts on North Bay where the water is more shallow and not so easy of access from the lot when the level of the lake is lowered in times of summer irrigation. The defendant contends that this tender was

in strict accord with the terms of the written covenant which he assumed from Waterman without knowledge of the private understanding of the parties—that the lot tendered is a part of the property conveyed by the plaintiff, abuts the lake and has access to the margin thereof, and that it is of the stipulated area and frontage.

To prove her case the respondent was required to produce oral testimony of the oral negotiations had between Waterman and herself prior to the execution of the contract and which were not embodied in the writing. This testimony was received over the objections of the appellant and is assigned as the main ground for a reversal of the judgment. If the admission of this testimony was error it is apparent that the error was prejudicial to the appellant because the trial court found in accordance with the testimony and based its judgment on that finding.

[1] It is a settled rule of law that a written contract to convey real property will not be enforced by a court of equity unless the writing contains all the material terms expressed in a sufficiently definite manner. (*Buckmaster* v. *Bertram,* 186 Cal. 673, 676 [200 Pac. 610]; *Allman* v. *Rich,* 76 Cal. App. 601 [245 Pac. 439, 441]; *Wood* v. *Anderson,* 199 Cal. 440 [249 Pac. 862].) From this it follows that if the writing is so indefinite and uncertain in its terms that it requires incompetent testimony to make it certain it is not such a contract as may be specifically enforced.

[2] The rule regarding the admission of parol testimony covering the prior negotiations and understandings of the parties to a written contract is also well settled. When words of a doubtful meaning are used in a writing parol testimony is admissible to show the common meaning of the words used but it is not admissible to show the private understandings of the parties as to the meaning of such words. This rule is aptly stated by Mr. Justice Holmes in *Goode* v. *Riley,* 153 Mass. 585, 586 [28 N. E. 228], as follows: "You cannot prove a mere private convention between the two parties to give language a different meaning from its common one. . . . It would open too great risks if evidence were admissible to show that when they said five hundred feet they agreed it should mean one hundred inches, or that Bunker Hill Monument should signify the Old South Church. . . .

an artificial construction cannot be given to plain words by express agreement . . . ''

[3]  The application of this rule to the present case is apparent.  The writing used the term ''Bear Valley Lake.'' All the evidence without conflict showed that this was the commonly accepted name applied to all the waters of the lake impounded by the dam, including North Bay, Metcalf Bay, and all other similar inlets.  The trial court found that the term ''as used in said contract'' meant the main body of waters impounded by the dam and not North Bay, Metcalf Bay, or any other bay or inlet.  By this finding the trial court has read into the written contract the words ''main body'' of the waters of the lake and has declared a contract different from that executed by the parties.

The testimony of the private negotiations of the parties not having been admissible the trial court was limited in its findings to the evidence which was properly before it and this, we have seen, unmistakably required a finding that the term ''Bear Valley Lake'' referred to the whole body of water.  Appellant having made a tender in accord with the obligation of his contract and this tender having been refused, the respondent was not entitled to a specific performance of the contract.

Judgment reversed.

Sturtevant, J., and Cabaniss, P. J., *pro tem.*, concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 3, 1927.